■ DeFoe Corporation, Appellant, v Semi-Alloys, Inc., Respondent.—In an action, *inter alia,* to recover damages for negligence, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.H.O.), entered May 6, 1988, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant corporation manufactures electronic components from a plant located next door to the building occupied by the plaintiff corporation. The defendant's manufacturing process produces acidic emissions, which are neutralized by a device known as a "scrubber". On or about February 9, 1984, the scrubber apparently malfunctioned, causing the emission of considerable quantities of sodium hydroxide. The plaintiff

subsequently commenced this action, alleging that these emissions caused damage to the premises it occupies and is obligated to repair. After a nonjury trial the court dismissed the complaint, and this appeal ensued. For the reasons that follow we agree with the determination of the trial court that the defendant was entitled to judgment in its favor.

The plaintiff failed to establish that the methods used by the defendant to maintain the scrubber were improper or violated any applicable statutes or regulations. Indeed, the record establishes that the defendant maintained the scrubber in the manner recommended by the manufacturer of the scrubber. The plaintiff introduced no evidence to contradict this showing nor did it introduce evidence tending to show that the manufacturer's recommendations were improper. The fact that a manometer (a device which measures changes in pressure) was placed on the scrubber subsequent to its malfunction was not admissible as an admission of negligence (Richardson, Evidence § 168 [Prince 10th ed]; *see also, Di Paolo v Somma,* 111 AD2d 899). Indeed, there was no showing that the previous lack of a manometer violated any normal or approved practice in the defendant's field.

Furthermore, the court did not err in rejecting the permissible inference of negligence created by the doctrine of res ipsa loquitur. Assuming that the plaintiff was entitled to rely on the doctrine to establish a prima facie case from which negligence could be inferred, it still bore the burden of proving the defendant's negligence by a fair preponderance of the evidence *(see, Baumann v Long Is. R. R.,* 110 AD2d 739, 740). The defendant offered evidence as to its maintenance of the scrubber, and the plaintiff offered no evidence upon which the court could conclude that such maintenance was inadequate to safeguard against the emission of sodium hydroxide. Accordingly, the court was free to reject the permissible inference of negligence.

The plaintiff failed to establish that the defendant was engaged in an abnormally dangerous activity. While the record establishes that sodium hydroxide was an active caustic chemical, there was no showing that its use in the scrubber posed a great danger of invasion to the land of others, as would storing dynamite or gunpowder, using atomic energy or diverting large amounts of water over the earth *(see, Doundoulakis v Town of Hempstead,* 42 NY2d 440, 448; *Spano v Perini Corp.,* 25 NY2d 11; Restatement [Second] of Torts § 520, comment [g]). Furthermore, the plaintiff made no showing that the defendant would be unable to eliminate the risk by

the exercise of reasonable care (Restatement [Second] of Torts § 520 [c]) or that the activity the defendant was involved in was inappropriate in the place it was carried on (Restatement [Second] of Torts § 520 [e]). Given the failure of the proof, we cannot say that the court erred in finding that the defendant was not engaged in an abnormally dangerous activity.

We have reviewed the plaintiff's remaining contention concerning the court's finding that there was no manometer on the scrubber on the date of the emission and find it to be without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.