[672 NYS2d 188]

GEORGE A. DANGLER et al., Appellants-Respondents, v TOWN OF WHITESTOWN, Respondent-Appellant.

PAUL J. HAND et al., Plaintiffs, v TOWN OF WHITESTOWN, Defendant.

JOHN BUSACKER, JR., et al., Plaintiffs, v TOWN OF WHITESTOWN, Defendant.

ROBERT F. LEININGER et al., Plaintiffs, v TOWN OF WHITESTOWN, Defendant.

RUSSELL RAUSCHER et al., Plaintiffs, v TOWN OF WHITESTOWN, Defendant. (Appeal No. 1.)

Fourth Department, April 29, 1998

APPEARANCES OF COUNSEL

*Louis T. Brindisi,* Utica (*Anthony A. Murad* of counsel), for appellants-respondents.

*Gorman, Waszkiewicz, Gorman & Schmitt,* Utica (*William Schmitt* of counsel), for respondents-appellants.

## OPINION OF THE COURT

DENMAN, P. J.

These five actions were commenced by families living in the vicinity of a landfill owned and operated by defendant, Town of Whitestown. Plaintiffs seek to recover for property damage and personal injuries that they allegedly sustained as a result of exposure to contaminants emanating from the landfill. A bifurcated trial was held and, at the liability phase, plaintiffs presented extensive expert testimony regarding levels of contamination on their property, the source of that contamination, and their various illnesses resulting from exposure to the contamination. Supreme Court dismissed most of plaintiffs' causes of action at the close of plaintiffs' case. The court denied defendant's motion to dismiss the negligence causes of action and reserved decision on defendant's motion to dismiss the cancerphobia causes of action. Defendant then presented expert testimony that the landfill did not cause the alleged contamination on plaintiffs' properties.

In its charge, the court instructed the jury that defendant was entitled to qualified immunity from October 12, 1988 to January 1, 1991 and that the jury could consider whether plaintiffs had assumed the risk of living near the landfill and were comparatively negligent. The jury returned a verdict finding that defendant was negligent in its operation of the landfill from 1967 to October 12, 1988 and that defendant's negligence was the proximate cause of the injuries of most of the plaintiffs. The jury further concluded that some of the plaintiffs were negligent in varying degrees.

Following the verdict on liability, plaintiffs' counsel asked the court what proof he needed to submit in the damages phase, and the court responded that "whatever is already in the record for the liability is in the record of the damages". A brief trial on damages commenced, with plaintiffs' counsel calling a real estate appraiser and an expert on the cost of future medical monitoring for each of the plaintiffs. At the close of the damages phase, the court granted defendant's motion and dismissed the cancerphobia causes of action and

instructed the jury not to consider the testimony of plaintiffs' experts concerning emotional harm to plaintiffs, cancerphobia, and the need for medical monitoring in the future. The jury returned a verdict in varying amounts for plaintiffs, the aggregate verdict totaling about $150,000 after reductions for comparative negligence. We conclude that the court erred in dismissing the cancerphobia causes of action, in granting defendant qualified immunity for acts committed before October 12, 1988, and in instructing the jury about assumption of the risk and comparative negligence, and that those errors require reversal.

### CANCERPHOBIA

■ It is well settled that, to maintain a cause of action for cancerphobia, "[a] plaintiff must establish both that he was in fact exposed to the disease-causing agent and that there is a 'rational basis' for his fear of contracting the disease" (*Wolff v A-One Oil*, 216 AD2d 291, 292, *lv dismissed* 87 NY2d 968, quoting *Rittenhouse v St. Regis Hotel Joint Venture*, 149 Misc 2d 454, 455, *revd on other grounds* 180 AD2d 523; *see, Cottonaro v Southtowns Indus.*, 213 AD2d 993, *lv dismissed* 86 NY2d 886; *Doner v Adams Contr.*, 208 AD2d 1072; *Kaufman v Physical Measurements*, 207 AD2d 595; *Jones v Utilities Painting Corp.*, 198 AD2d 268, *lv denied* 83 NY2d 752). The purpose of the two-pronged test is to guarantee the "trustworthiness of the claim" (*Tischler v Dimenna*, 160 Misc 2d 525, 528; *see, Ferrara v Galluchio*, 5 NY2d 16, 21, *rearg denied* 5 NY2d 793). Thus, "when the circumstances of the case provide a guarantee of the genuineness of the claim", a plaintiff may recover for negligent infliction of purely mental suffering (*Doner v Adams Contr., supra*, at 1072).

We conclude that plaintiffs met their burden of establishing a prima facie case for cancerphobia. First, plaintiffs presented evidence from various experts that each plaintiff had been exposed to certain contaminants, including some carcinogens, and that the contaminants came from the landfill. Second, plaintiffs presented the testimony of an expert who testified to a reasonable degree of medical certainty that plaintiffs had a "likelihood" of contracting cancer as a result of their exposure to contaminants from the landfill. Although defendant subjected each of those experts to a thorough cross-examination and presented its own experts regarding exposure to contaminants and the likelihood of developing cancer, plaintiffs' causes of action for cancerphobia should not have been dismissed as a

matter of law. Similarly, the court erred in striking the testimony of plaintiffs' experts regarding emotional harm and future medical monitoring (*see, Askey v Occidental Chem. Corp.*, 102 AD2d 130, 135).

### GOVERNMENTAL IMMUNITY

■ The court further erred in granting defendant governmental immunity from the date that defendant entered into an order on consent with the New York State Department of Environmental Conservation regarding closure of the landfill (October 12, 1988) to the date that the landfill actually closed (January 1, 1991). We do not read defendant's affirmative defenses so broadly as to conclude that they assert the affirmative defense of governmental immunity. In any event, because operation of the landfill was a proprietary function, defendant is subject to general principles of tort law (*see generally, Miller v State of New York*, 62 NY2d 506, 511). Thus, the court should not have charged the jury that qualified immunity applied to the acts of defendant from October 12, 1988 to January 1, 1991.

### JURY INSTRUCTIONS

■ The court also erred in instructing the jury with respect to assumption of risk. Defendant failed to establish that plaintiffs knew and fully understood, or should have known and fully understood, the risk of harm (*see generally*, PJI 2:55, 2:55A). It is undisputed that those plaintiffs who moved next to the landfill after 1967 were not aware of any risks associated with living next to it and, in fact, were told by defendant that they were not in any danger of exposure to contaminants from the landfill. Similarly, there is no evidence that plaintiffs were negligent in moving next to the landfill or in remaining there after the landfill began operation. Although we conclude that those acts do not constitute negligence, other acts of plaintiffs may be considered by the jury, including their voluntary exposure to carcinogens, for example, by smoking.

Although the error does not by itself warrant reversal, we agree with plaintiffs that the verdict sheet given to the jury during the damages phase of trial should not have included the question whether plaintiffs suffered damages as a result of defendant's negligence. The jury answered that question in the affirmative during the liability phase of the trial, and the jury should not have been given a second opportunity to consider the issues of negligence and proximate cause. Rather, the only issue for the jury was the amount of damages sustained by

plaintiffs. In any event, the jury's verdict on negligence was consistent with the verdict in the damages phase.

Accordingly, the judgments should be reversed and a new trial granted. In view of our determination, plaintiffs' appeals from the order denying plaintiffs' motion to set aside the verdict on damages should be dismissed.

GREEN, PINE, CALLAHAN and FALLON, JJ., concur.

Judgment unanimously reversed, on the law, with costs to plaintiffs, and new trial granted.