■ BARBARA OSARCZUK et al., Appellants, v ASSOCIATED UNIVERSITIES, INC., Respondent. [830 NYS2d 711]—

In an action, inter alia, to recover damages for personal injuries and property damage, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated May 18, 2005, which, in effect, denied as academic their motion for class action certification pursuant to CPLR article 9 and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought damages for and equitable relief as a remedy for personal injuries and property damage arising from exposure to non-nuclear hazardous and toxic materials and substituting therefor a provision denying that branch of the defendant's cross motion, and (2) by deleting the provision thereof denying the plaintiffs' motion for class action certification pursuant to CPLR article 9; as so modified, the or-

der is affirmed, with one bill of costs payable to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the plaintiffs' motion for class action certification pursuant to CPLR article 9 in accordance herewith.

The defendant operated the Brookhaven National Laboratory (hereinafter BNL) in Upton, New York, for 50 years, up to and including May 1997. During that time, significant amounts of both nuclear and non-nuclear materials of a hazardous and toxic nature, generated by BNL, were emitted into the air and discharged into the water and soil, thus exposing people and property near BNL to those substances. The plaintiffs, who reside or own property near BNL, commenced the instant action seeking monetary and injunctive relief, under various state common-law theories, to remedy the alleged effects of those discharges and emissions. After significant discovery was conducted, the plaintiffs moved to certify a class of all persons who lived, owned property, or worked within a 10-mile radius of BNL. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's cross motion and denied the plaintiffs' motion as academic. We modify and remit the matter to the Supreme Court, Suffolk County, for a determination of the plaintiffs' motion on the merits.

The federal Atomic Energy Act, 42 USC § 2011 *et seq.*, as amended by the Price-Anderson Act, 42 USC § 2210 *et seq.* (hereinafter the Act), and as further amended on August 20, 1988, by Pub L 100-408, § 11 (b), 102 US Stat 1066, 1076 (hereinafter the Act Amendments), permits an aggrieved party to commence a "public liability action" against an operator of a nuclear facility, such as the defendant, where the operator causes the aggrieved party or his property to be exposed to radiation as a result of a nuclear incident (*see* 42 USC § 2014 [hh]; *see also* 42 USC § 2210 [n] [2]). The term "public liability" is defined by the Act as, among other things, "any legal liability arising out of or resulting from a nuclear incident," with several exceptions not applicable here (42 USC § 2014 [w]). The Act Amendments permit a public liability action to be commenced and tried in a state court, which has concurrent jurisdiction with the appropriate federal District Court (*see In re TMI Litig. Cases Consol. II,,* 940 F2d 832, 835 [1991], *cert denied sub nom. Gumby v General Pub. Util. Corp.,* 503 US 906 [1992]). Contrary to the plaintiffs' contention, the Act Amendments only require removal to the appropriate federal District Court upon the request of a defendant (*see* 42 USC § 2210 [n]

[2]; *cf.* 28 USC §§ 1441, 1446). Thus, in the case at bar, the Supreme Court had jurisdiction to consider whether the plaintiffs stated the elements of a public liability action under the Act Amendments and, if so, whether the defendant established its entitlement to judgment as a matter of law in connection with such an action.

To succeed in a public liability action, the plaintiffs are obligated to establish that their theory of liability is consistent with the provisions of the Act and Act Amendments, particularly 42 USC § 2210 (*see* 42 USC § 2014 [hh]), which, together with the other provisions of the Act Amendments, set a limitations period to govern this newly-created federal cause of action, provided for venue and choice of law, placed limits on the availability of punitive damages, channeled liability to federal licensees of nuclear facilities, adopted a rule of industry-share liability, mandated that normally available defenses be waived in the cases of an extraordinary nuclear occurrence, and established an upper limit of aggregate liability (*see In re Litig. Cases Consol. II, supra* at 854). To establish the defendant's liability in a public liability action, the plaintiffs must demonstrate that they or their property were exposed to levels of radiation in excess of the radiation dosage standards promulgated by the federal Nuclear Regulatory Commission (hereinafter NRC) pursuant to the Act (*see O'Conner v Commonwealth Edison Co.,* 13 F3d 1090, 1105 [1994], *cert denied* 512 US 1222 [1994]; 10 CFR 20.1201-20.1208, 20.1301-20.1302).

Although the plaintiffs did not expressly plead a public liability action under the Act Amendments, they asserted that the defendant was liable to them, inter alia, for violating federal laws, statutes, and regulations applicable to the use, storage, and disposal of toxic and hazardous substances. Thus, the Supreme Court properly determined that the plaintiffs sufficiently pleaded the elements of a public liability action and that, to the extent that they did so, the defendant established its entitlement to judgment as a matter of law in connection with that cause of action by proof that the plaintiffs were not exposed to levels of radiation in excess of the standards articulated in the NRC regulations, a necessary element of a public liability action (*see O'Conner v Commonwealth Edison Co., supra*). In opposition to that showing, the plaintiffs failed to raise a triable issue of fact. Because the defendant did not request removal to federal court, the Supreme Court retained jurisdiction to consider the merits of the public liability action, and properly granted summary judgment dismissing any impliedly pleaded statutory public liability action.

Moreover, although the Act Amendments recite at 42 USC § 2014 (hh) that "the substantive rules for decision" in a public liability action "shall be derived from the law of the State in which the nuclear incident involved occurs," that rule does not apply where "such law is inconsistent with the provisions of [section 170]" of the Act, which are codified at 42 USC § 2210. This language merely incorporates certain state law rules of decision into the new federal cause of action created by the Act Amendments (*see Nieman v NLO, Inc.*, 108 F3d 1546, 1552 [1997]; *In re TMI Litig. Cases Consol. II, supra* at 854-855). Indeed, "there can be no action for injuries caused by the release of radiation from federally licensed nuclear power plants separate and apart from the federal public liability action created by the Amendments Act" (*In re TMI Litig. Cases Consol. II, supra* at 855; *see Acuna v Brown & Root Inc.*, 200 F3d 335, 339 [2000], *cert denied* 530 US 1229 [2000]). Moreover, as noted above, and pursuant to 42 USC § 2210, the NRC has promulgated detailed federal standards for operation of nuclear facilities and public exposure to radiation (*see* 10 CFR 20.1001-20.2402). These federal regulations "must provide the sole measure of the defendant's duty in a public liability cause of action" (*O'Conner v Commonwealth Edison Co., supra* at 1105), and "any state duty would infringe upon pervasive federal regulation in the field of nuclear safety, and thus would conflict with federal law" (*In re TMI Litig. Cases Consol. II, supra* at 859; *see Roberts v Florida Power & Light Co.*, 146 F3d 1305, 1308 [1998], *cert denied* 525 US 1139 [1999]). Therefore, the state common-law causes of action asserted here in connection with exposure to nuclear material are in conflict with the federal regulatory scheme (*see Skull Val. Band of Goshute Indians v Nielson*, 376 F3d 1223, 1248-1251 [2004], *cert denied sub nom. Nielson v Private Fuel Stor., L.L.C.*, — US —, 126 S Ct 790 [2005]; *Roberts v Florida Power & Light Co., supra* at 1308; *see also Silkwood v Kerr-McGee Corp.*, 464 US 238, 256 [1984]). Accordingly, the Act and Act Amendments preempt all state common-law causes of action and theories of relief which might otherwise address radiological exposure from nuclear facilities, including negligence, strict liability based on engagement in an ultrahazardous activity, and nuisance (*see Roberts v Florida Power & Light Co., supra* at 1308; *see also Nieman v NLO, Inc., supra; In re TMI*, 67 F3d 1103 [1995], *cert denied sub nom. General Pub. Util. Corp. v Dodson*, 516 US 1154 [1996]; *O'Conner v Commonwealth Edison Co., supra; In re TMI Litig. Cases Consol. II, supra; McLellan v Mississippi Power & Light Co.*, 545 F2d 919 [1977]; *Wilcox v Homestake Min. Co.*, 401 F Supp 2d 1196, 1204 [2005]; *Smith v Carbide & Chems. Corp.*, 298 F Supp 2d 561, 565

[2004]; *Bohrmann v Maine Yankee Atomic Power Co.*, 926 F Supp 211, 218 [1996]; *cf. Silkwood v Kerr-McGee Corp., supra*). Thus, the Supreme Court properly granted summary judgment dismissing the plaintiffs' preempted state common-law causes of action for lack of subject matter jurisdiction (*see Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517, 523-524 [1984]; *Matter of Seltzer v New York State Democratic Comm.*, 293 AD2d 172, 174-175 [2002]; *Monfort v Larson*, 257 AD2d 261 [1999]; *Eastdil Realty v Gallagher*, 152 AD2d 478 [1989]; *see also Morrison v Budget Rent A Car Sys.*, 230 AD2d 253, 259 [1997]), to the extent they sought compensation for, or injunctive relief to remedy, exposure to radiological or nuclear material.

The Supreme Court erred, however, in granting summary judgment dismissing so much of the plaintiffs' several causes of action as sought compensatory and injunctive relief arising from exposure to non-nuclear hazardous materials, such as trichloroethane, trichloroethene, perchloroethylene, and other volatile organic compounds, as well as heavy metals such as chromium, cadmium, lead, iron, and mercury. These substances are neither source material, special nuclear material, nor nuclear by-product material (*see* 42 USC § 2014 [e], [z], [aa]) and, as such, cannot be the cause of a "nuclear incident" that renders a particular discharge, emission, or occurrence subject to prosecution by means of the federal public liability action (*see* 42 USC § 2014 [q], [w]). In connection with these non-nuclear materials, the defendant failed to establish its entitlement to judgment as a matter of law, as it failed to demonstrate that the plaintiffs or their property were not exposed to such materials, that the materials did not originate with or emanate from the BNL, or that the plaintiffs and their property were not injured by such exposure. Accordingly, to the extent that they are premised on exposure to non-nuclear chemicals and substances that are nonetheless toxic and hazardous, the defendant is not entitled to summary judgment dismissing the negligence and gross negligence causes of action (*see Chapman v Silber*, 97 NY2d 9, 18 [2001]; *Nonnon v City of New York*, 32 AD3d 91 [2006]; *Dangler v Town of Whitestown*, 241 AD2d 290 [1998]), the cause of action alleging the creation of a private nuisance (*see Scheg v Agway, Inc.*, 229 AD2d 963 [1996]; *Bimbo v Chromalloy Am. Corp.*, 226 AD2d 812 [1996]), the cause of action seeking medical monitoring and other injunctive relief (*see Allen v General Elec. Co.*, 32 AD3d 1162 [2006]; *Dangler v Town of Whitestown, supra; Abusio v Consolidated Edison Co. of N.Y.*, 238 AD2d 454, 454-455 [1997]), and the cause of action alleging that the defendant is strictly liable to the plaintiffs as a consequence of engag-

ing in an ultrahazardous activity (*see Doundoulakis v Town of Hempstead*, 42 NY2d 440, 449 [1977]; *cf. DeFoe Corp. v Semi-Alloys, Inc.*, 156 AD2d 634, 635 [1989]; *Wanich v Bitter*, 12 Misc 3d 1165[A], 2006 NY Slip Op 51062[U] [2006]).

Because the Supreme Court granted summary judgment dismissing the entire complaint, it, in effect, denied the plaintiffs' motion for class action certification as academic, and consequently did not address the merits of that motion. Thus, we remit the matter to the Supreme Court, Suffolk County, for a determination of the plaintiffs' motion as it relates to those causes of action which sought to recover damages for and equitable relief as a remedy for personal injuries and property damages arising from exposure to non-nuclear and toxic materials (*see* CPLR 901 [a]; 902; *Aprea v Hazeltine Corp.*, 247 AD2d 564 [1998]).

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated May 18, 2005, to strike stated portions of the record on appeal and the appellants' brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated August 28, 2006, the motion was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.