**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANIEL R. GOLDEN; CINDY L.
GOLDEN, wife,
      *Plaintiffs-Appellants,*

v.

CH2M HILL HANFORD GROUP, INC.,
      *Defendant-Appellee.*

No. 05-35832

D.C. No.
CV-04-05076-LRS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted April 12, 2007
Submission Vacated December 24, 2007
Resubmitted June 2, 2008
Seattle, Washington

Filed June 11, 2008

Before: Alex Kozinski, Chief Judge, Raymond C. Fisher,
Circuit Judge, and Andrew J. Guilford,* District Judge.

Opinion by Chief Judge Kozinski

---

*The Honorable Andrew J. Guilford, United States District Judge for
the Central District of California, sitting by designation.

6627

## COUNSEL

William Rutzick, Schroeter, Goldmark & Bender, Seattle, Washington, for the plaintiffs-appellants.

Thomas J. Heiden and Mary Rose Alexander, Latham & Watkins LLP, Chicago, Illinois; Mark A. Miller, Latham & Watkins LLP, Washington, DC; Stanley J. Bensussen, CH2M Hill Hanford Group, Inc., Richland, Washington, for the defendant-appellee.

## OPINION

KOZINSKI, Chief Judge:

We interpret the Price-Anderson Act.

### Facts

Daniel Golden worked at a facility on the Hanford Nuclear Reservation, operated by the CH2M Hill Hanford Group, Inc. (CH2M). CH2M stored liquid waste in large storage tanks; the liquid contained radioactive materials and nonradioactive heavy metals. On May 20, 2002, Golden was working on one of these tanks when up to four gallons of this toxic liquid splashed on him.

Golden sued CH2M in state court under Washington law, claiming that the accident caused him physical injuries ranging from colitis to sinusitis, as well as emotional distress. Golden's wife sued for loss of consortium. CH2M removed. The

district court had jurisdiction under the Price-Anderson Act, which preempts all state-law claims for injury resulting from nuclear incidents. *See Phillips* v. *E.I. DuPont De Nemours & Co.* (*In re Hanford Nuclear Reservation Litig.*), 521 F.3d 1028, 1054 (9th Cir. 2008). The district court granted summary judgment to CH2M, and the Goldens appeal.

## Analysis

[1] 1.   To survive summary judgment on a toxic tort claim for physical injuries, Golden had to show that he was exposed to chemicals that could have caused the physical injuries he complains about (general causation), and that his exposure did in fact result in those injuries (specific causation). *Jaros* v. *E.I. DuPont* (*In re Hanford Nuclear Reservation Litig.*), 292 F.3d 1124, 1133 (9th Cir. 2002). To show specific causation, Golden offered the testimony of his physician, Dr. Wilkinson. At Dr. Wilkinson's first deposition, he was asked if he could state with a reasonable degree of medical certainty that Golden's symptoms resulted from his 2002 exposure. Dr. Wilkinson responded, "I can't prove it. Any time you have people with chronic illness, there's little that you can prove. But we have to work on assumptions . . . . I deal with things from the standpoint of what I can do to get my patient well." An assumption made for purposes of treatment doesn't establish causation. In prescribing treatment, physicians err on the side of caution and consider potential causes—even if they are remote—because a failure to treat may risk permanent injury or death. That Golden's physician considered a potential cause in prescribing treatment doesn't mean that Golden's exposure in fact caused his injuries.

[2] Several months later, Dr. Wilkinson offered another opinion: "Mr. Golden has had adverse health effects caused by or exacerbated by those exposures." But Dr. Wilkinson's reference to "those exposures" was not limited to the May 20, 2002, accident. Instead, he explained that Golden "worked for years without protective equipment, including respiratory pro-

tection, in an area in which people are now required to wear respiratory protection . . . . [I]t is likely that he was chronically exposed to toxic materials as a result of that work." Golden does not claim that CH2M is liable for chronically exposing him to toxins. He claims only that CH2M is liable for the toxic exposure from the May 20, 2002, accident.

**[3]** As Golden's expert was unable to support his claim that this accident caused his physical injuries, Golden is unable to prove specific causation. Because Golden must show both specific and general causation, we need not consider whether Golden presented sufficient evidence of general causation. We affirm the district court's grant of summary judgment to CH2M on Golden's claim for physical injuries.

**[4] 2.** Golden's remaining claim is for emotional distress. "The [Price-Anderson Act] is the exclusive means of compensating victims for any and all claims arising out of nuclear incidents." *Phillips*, 521 F.3d at 1054 (citing 42 U.S.C. § 2014(hh), (w)). But claims for exposure to radioactive materials are only "compensable" under the Price-Anderson Act if such exposure caused "physical injury." *Id.*; *see Berg* v. *E.I. DuPont De Nemours & Co.* (*In re Berg Litig.*), 293 F.3d 1127, 1131 (9th Cir. 2002). Here, Golden can't show that the exposure caused his physical injuries, *see* pp.6631-32 *supra*, and without physical injury, he can't recover for psychic harm arising from exposure to radioactive materials. So summary judgment was proper as to his emotional distress claim for exposure to radioactive materials. *See Phillips*, 521 F.3d at 1054; *Berg*, 293 F.3d at 1131.

**[5]** But the May 20, 2002, accident wasn't just a "nuclear incident;" the liquid that splashed onto Golden also contained nonradioactive heavy metals, such as dimethylmercury. Insofar as Golden suffered separately identifiable harm from a cause not related to the harmful properties of the radioactive materials, his claim for such damages would not be preempted by the Price-Anderson Act. *See Phillips*, 521 F.3d at 1053-54

(citing 42 U.S.C. § 2014(q)). For example, if the liquid in question contained a heavy concentration of acid, and the acid burned plaintiff's skin, his state-law claim for damages arising out of the acid burn would not be preempted.

**[6]** In this case, Golden has not demonstrated that he suffered any physical injuries that can be traced to the accident. Nevertheless, it is possible that Golden suffered emotional distress from exposure to the nonradioactive materials that is separate and distinct from his emotional distress claim for exposure to the radioactive materials. If so, the former would not be preempted by the Price-Anderson Act, even though Golden can't show that he suffered physical injuries as a result of this exposure. *See Osarczuk* v. *Associated Univs., Inc.*, 830 N.Y.S.2d 711, 715 (N.Y. App. 2007) ("[T]o the extent that [plaintiffs' claims] are premised on exposure to non-nuclear chemicals and substances that are nonetheless toxic and hazardous, the defendant is not entitled to summary judgment . . . ."); *cf. Good* v. *Fluor Daniel Corp.*, 222 F. Supp. 2d 1236, 1249 (E.D. Wash. 2002) (bodily injury from "non-radioactive, or toxic chemicals" does not fall under the Price-Anderson Act).

**[7]** It is possible that claims of emotional distress for exposure to radioactive materials are simply not separable from other harms. Here, for instance, Golden may have suffered fear and depression as a consequence of having had gallons of harmful sludge spilled on him, rather than having separately identifiable fears from heavy metal and radiation exposure. If Golden can only show emotional distress arising out of a general fear for his future health that is intertwined with his exposure to radioactive materials, the Price-Anderson Act will apply and his emotional distress claim for exposure to nonradioactive materials will be preempted. *See Phillips*, 521 F.3d at 1054; *Berg*, 293 F.3d at 1131. But Golden may be able to make out a case that he suffers separate and distinct fears arising from his exposure to nonradioactive heavy metals. If so, that claim is not preempted, and Golden may be able to

prove his claim under state law. Likewise, Mrs. Golden may be able to prove her loss of consortium claim under state law, if she can show loss of consortium resulting from Golden's emotional distress that was caused by his exposure to nonradioactive materials. We therefore vacate the district court's order dismissing Golden's emotional distress claim resulting from exposure to nonradioactive materials and Mrs. Golden's loss of consortium claim, and remand for the district court to determine whether it wishes to exercise its supplemental jurisdiction over any such claim, now that the federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3).

**AFFIRMED in part, VACATED in part and REMANDED. No costs.**