**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RON J. DUMONTIER; JOHN FUGLE;
ANDREW HARVIE; DAVID D.
HARVIE; DARREN HUGHSON; JOHN
HARPER; TORY KJELSTRUP; TODD
LOBREAU; ELBERT LOOMIS; ALLAN
LUNGAL; WILLIAM L. ROBBINS;
WILLIAM J. SCOFIELD; RON L.
SMATHERS; GERALD LAMB,
    *Plaintiffs-Appellants,*

     v.

SCHLUMBERGER TECHNOLOGY
CORPORATION,
    *Defendant-Appellee.*

No. 05-36005

D.C. No.
CV-04-00016-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted April 12, 2007
Submission Vacated December 24, 2007
Resubmitted June 2, 2008
Seattle, Washington

Filed September 11, 2008

Before: Alex Kozinski, Chief Judge, Raymond C. Fisher,
Circuit Judge, and Andrew J. Guilford,* District Judge.

Opinion by Chief Judge Kozinski

---

*The Honorable Andrew J. Guilford, United States District Judge for
the Central District of California, sitting by designation.

## COUNSEL

Alexander Blewett, III, Christopher D. Meyer, Hoyt & Blewett PLLC, Great Falls, Montana, for the plaintiffs-appellants.

Donald E. Jose, Esq., Michael Garza, Esq., Jose & Wiedis, West Chester, Pennsylvania; Robert E. Sheridan, Esq., Garlington, Lohn and Robinson, PLLP, Missoula, Montana, for the defendant-appellee.

## OPINION

KOZINSKI, Chief Judge:

We consider whether subcellular damage amounts to bodily injury under the Price-Anderson Act.

### Facts

Schlumberger Technology Corporation's employees carelessly left some cesium-137 on a drilling rig. Plaintiffs later worked on the rig and were exposed. Though less well known than uranium or plutonium, cesium isn't a substance to be toyed with. Unprotected exposure can cause burns, radiation sickness and cancer; if ingested, it causes mania. Randal C. Nelson, *Songs of Cesium* (1996), http://www.cs.rochester.edu/u/nelson/cesium/cesium_songs.html.

Plaintiffs have not developed cancer or any other illness. Nevertheless they sued Schlumberger, claiming that the radiation caused subcellular damage, including to their DNA. They brought a claim under Montana law seeking damages for emotional distress, medical monitoring and actual malice. Schlumberger argued that this claim was preempted and moved to replace it with a federal cause of action under the Price-Anderson Act, 42 U.S.C. § 2014(hh); it also moved for summary judgment on the Price-Anderson claim. The district court granted both motions and plaintiffs appeal.

### Analysis

[1] A nuclear incident is defined in the Act as "any occurrence . . . causing . . . bodily injury, sickness, disease, or

death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." 42 U.S.C. § 2014(q). Exposure to radioactive materials is compensable only if it causes one of the harms on this list. *Phillips* v. *E.I. DuPont De Nemours & Co.* (*In re Hanford Nuclear Reservation Litig.*), No. 05-35648+, 2008 WL 2892318 at *16 (9th Cir. July 29, 2008); *see also Berg* v. *E.I. DuPont De Nemours & Co.* (*In re Berg Litig.*), 293 F.3d 1127, 1131 (9th Cir. 2002); *Brannon* v. *Babcock & Wilcox Co., Inc.* (*In re TMI Litig.*), 940 F.2d 832, 854 (3d Cir. 1991).

**[2] 1.** Plaintiffs claim that they suffered a listed harm, namely bodily injury, if we interpret bodily injury under Montana law. According to plaintiffs, we must do so pursuant to 42 U.S.C. § 2014(hh), which provides that "the substantive rules for decision in [an action under the Act] shall be derived from the law of the State in which the nuclear incident involved occurs." In *Rainer* v. *Union Carbide Corp.*, 402 F.3d 608, 618 (6th Cir. 2005), the Sixth Circuit held that "[t]he key question [under this section] . . . is whether [state] caselaw equates 'sub-cellular damage' with 'bodily injury.' "

**[3]** Unlike the Sixth Circuit, we have never relied on state law to interpret bodily injury. *See Berg*, 293 F.3d at 1133 ("We of course are interpreting a federal statute."). Nor would doing so be faithful to the statutory scheme. The Act doesn't call for us to apply state law in its *interpretation*; only for "the substantive rules for decision"—i.e., the available causes of action. *See In re TMI Litig.*, 940 F.2d at 855-56.

**[4]** The Act imposes two independent limits on claims based on exposure to radioactive materials. First, as noted above, plaintiffs can bring such claims only if the state where the exposure occurred provides a cause of action. That's what the Act means when referring to state "substantive rules for decision." 42 U.S.C. § 2014(hh). For example, if a state

doesn't provide a cause of action for emotional distress, a plaintiff wouldn't have a cause of action for emotional distress under the Act. Or, if state law provides a cause of action for negligence but not for strict liability, the Act would provide a cause of action only for negligence.

**[5]** In addition, the Act prohibits recovery when plaintiffs haven't suffered "bodily injury, sickness, disease, or death"— even when the state cause of action doesn't have that limitation. *Phillips*, 2008 WL 2892318 at *16; *see Berg*, 293 F.3d at 1131 (rejecting emotional distress claim without physical injury, despite Washington state law allowing it) (citing 42 U.S.C. § 2014(q)). The Act isn't an invitation to survey state jurisprudence on the meaning of bodily injury, sickness or disease. Quite the opposite: It's a bar to claims that would otherwise be actionable under state law, a bar imposed by federal law and therefore interpreted as a matter of federal law.

**[6]** Were we to consult state law to define bodily injury, section 2014(hh)'s preemption clause—which bars causes of action that are "inconsistent with the provisions of" the Act— would lose much of its force. A state could simply expand the meaning of bodily injury, sickness or disease to include emotional distress. The Act was designed to safeguard the nuclear industry from expansive liability under state law, *see Berg*, 293 F.3d at 1133; plaintiffs' interpretation would permit an end run.

**[7] 2.**   We next consider whether the term "bodily injury" in the Act includes subcellular damage. Plaintiffs argue that the slightest exposure to radiation damages cells by denaturing proteins and modifying DNA. This, they argue, qualifies as bodily injury under the Act. But not every alteration of the body is an injury. Thinking causes synapses to fire and the brain to experience tiny electric shocks; fear stimulates the production of chemicals associated with the fight-or-flight response. All life is change, but all change is not injurious. Adopting plaintiffs' interpretation of bodily injury would ren-

der the term surplusage, as every exposure to radiation would perforce cause injury. *Cf. Berg*, 293 F.3d at 1133 (noting that the Act is intended to limit liability for nuclear incidents).

**[8]** Plaintiffs argue that exposure to radiation surely causes bodily injury if it exceeds the federal dose limit for members of the public. But "[t]he various limits in present NRC regulations . . . have been set at a level which is conservatively arrived at by incorporating a significant safety factor. Thus, a discharge or dispersal which exceeds the limits in NRC regulations . . . although possible cause for concern, is not one which would be expected to cause substantial injury or damage unless it exceeds by some significant multiple the appropriate regulatory limit." 10 C.F.R. § 140.81(b)(1). X-ray technicians, for example, are routinely exposed to more radiation than the public dose limit allows. *Compare* 10 C.F.R. § 20.1201(a)(1)(i) (limiting occupational exposure to 5 rem per year) *with* 10 C.F.R. § 20.1301(a)(1) (limiting exposure for members of the public to 0.1 rem per year). This reading would make exceeding the federal dose limit a strict liability offense, with damages determined by the extent of emotional distress. The Act would cease to be a liability limit and become an unlocked cash register.

**[9]** Plaintiffs presented evidence that radiation always "damage[s] the DNA or other important cellular components." But this damage does not establish that there is or will be pain or interference with bodily functions, and thus isn't an injury within the meaning of the Act. Plaintiffs' expert also explained that these subcellular alterations increase the risk of cancer. The Act, however, permits recovery for disease—not simply a risk of disease. We have previously held that such a risk isn't compensable. *Berg*, 293 F.3d at 1131.

**[10] 3.** Plaintiffs argue that if the harm they suffered isn't on the section 2014(q) list, the Act simply doesn't apply, and their state claims aren't preempted. But we held in *Phillips*, 2008 WL 2892318 at *16, that *any* suit seeking compensation

for a nuclear incident is preempted by the Act. *See also Golden* v. *CH2M Hill Hanford Group, Inc.*, 528 F.3d 681, 683 (9th Cir. 2008). Plaintiffs claim compensation for exposure to radioactive material, so they can only recover if they meet the requirements of the Act.

**AFFIRMED.**