■ EVA RITTENHOUSE, Plaintiff, v ST. REGIS HOTEL JOINT VENTURE et al., Respondents. LANDAU & KLEINBAUM, ESQS., Nonparty Appellant.—Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about October 23, 1990, which, *inter alia,* upon granting defendants' motions for summary judgment, dismissing the action, directed plaintiff's counsel, Landau & Kleinbaum, Esqs., to pay $2,500.00 to each of the counsel for the moving parties for the benefit of their respective clients, for a total of $10,000.00, pursuant to CPLR 8303-a, is unanimously reversed, to the extent appealed from and as limited by the parties' appellate briefs, on the law, on the facts, and in the exercise of discretion, and the imposition of costs vacated, without costs.

Appeal from so much of the order of the same Court and Justice, entered on or about December 17, 1990, which, *inter alia,* denied reconsideration and/or rehearing, is unanimously dismissed as subsumed in the appeal from the prior order of the same Court and Justice, entered on or about October 23, 1990, without costs.

Ms. Eva Rittenhouse, an interior decorator, attended a public liquidation sale of furniture, pictures, linens, etc., sponsored by NCL National Content Liquidators (NCL), and held from December 18, 1988 through January 6, 1989, during working hours, at the St. Regis Hotel (Hotel), New York County. During that period of time, Ms. Rittenhouse allegedly spent a total of eighteen days and more than eighty hours inspecting various items of personalty throughout the Hotel, in the course of which she noticed many holes in the ceilings and walls, exposed piping and extensive debris strewn about.

On January 3, 1989, for the first time, Ms. Rittenhouse noticed a sign in the Hotel, reading "Hazardous Cancer Causing Material", indicating that there was an asbestos removal project in progress. Having survived cancer in 1982, Ms. Rittenhouse became very distressed about the effects thereof

upon her health, and therefore she contacted City and Federal agencies, including the New York City Department of Environmental Protection (DEP) and the United States Environmental Protection Agency, seeking information about, *inter alia,* "friable asbestos". The DEP had on a file a form stating that during December 1988, in the Hotel, asbestos removal work had taken place on the 3rd, 12th, and 16th floors.

Following her receipt of the information about the asbestos removal activities in the Hotel, according to her physician, Ms. Rittenhouse was put into a state of extreme anxiety over contracting mesothelioma, giving rise to spastic colon attacks.

Subsequently, Ms. Rittenhouse (plaintiff) retained a law firm (law firm), who, in 1989, commenced an action against multiple defendants for damages, alleging that the negligence of those defendants caused disturbed asbestos containing material to be present at the Hotel, resulting in plaintiff's emotional distress, mental anguish and "cancerphobia". The eleven defendants, include: (a) five hotel owner entities (owners), consisting of St. Regis Hotel Joint Venture, Sheraton New York Corporation, St. Regis Sheraton Corporation, the Equitable Life Assurance Society, and the Sheraton Corporation; (b) the hotel general contractor, Tishman Construction Corporation; (c) the asbestos removal subcontractors, Testwell Craig Laboratory Inc. (Testwell), Hazardous Waste Engineering Consultants, Inc. (Hazardous), and D & G Painting and Asbestos Company (D & G); (d) architects, Brennan Beer Gorman, and (e) NCL.

After the joinder of issue, and the conducting of some discovery, the defendant owners jointly moved for summary judgment, and, *inter alia,* moved, pursuant to CPLR 8303-a, that sanctions in the amount of $10,000.00 be imposed on plaintiff's counsel for commencing and/or continuing an allegedly frivolous claim in bad faith. Thereafter, while the architect and three of the asbestos removal defendants, Testwell, Hazardous and D & G moved for identical relief as the defendant owners, defendant NCL only moved for summary judgment, without sanctions. In response, plaintiff cross-moved for an order permitting her to take the depositions of the principals in two of the defendants, Testwell and the Sheraton New York Corporation.

By order, entered on or about October 23, 1990, the IAS Court, *inter alia,* upon granting defendants' motions for summary judgment, dismissing the action, directed plaintiff's law firm to pay $2,500.00 to each of the counsel for the moving

parties for the benefit of their respective clients for a total of $10,000.00 in costs *(see,* CPLR 8303-a), and denied the plaintiff's cross-motion. Further, by order, entered on or about December 17, 1990, the IAS Court, *inter alia,* denied appellant law firm's motion for reconsideration and/or rehearing of the prior order. The law firm appeals from the sanctions.

After our examination of the record, since we find that all objective testing of plaintiff's person and possessions had demonstrated no physical manifestation of asbestos contamination, we agree with the IAS Court's determination granting defendants' motions for summary judgment. Nevertheless, we find that the IAS Court erred in imposing sanctions upon the law firm, since the record before us does not support the conclusion that the "plaintiff's commencement of this action was 'frivolous' or in 'bad faith', the stated grounds for the award (CPLR 8303-a)" *(Hinckley v Resciniti,* 159 AD2d 276, 277 [1st Dept 1990]). Significantly, the IAS Court acknowledged, in denying the motion for reconsideration and/or rehearing, that "counsel may well have commenced the action in good faith".

However, we think it appropriate at this time to indicate to the Bar that frivolous and baseless actions will not be tolerated and will result in a strict application of the provisions of CPLR 8303-a.

Accordingly, we reverse and vacate the costs against the law firm. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ. *[See,* 149 Misc 2d 452.]