■ MICHAEL CONWAY et al., Appellants, v BROOKLYN UNION GAS COMPANY et al., Respondents.—In an action to recover damages for fraud, property damage, emotional distress, and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Williams, J.), dated December 4, 1990, which granted the motion of the defendant Brooklyn Union Gas Company for partial summary judgment dismissing, inter alia, the cause of action to recover damages for emotional distress and struck the demand for punitive damages asserted against it and the defendant Gas Energy, Inc.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs allege that they have suffered severe emotional distress due to the defendants' disruption of asbestos while installing a new gas heating and hot water system. The plaintiffs contend that the defendants wantonly and maliciously refused to clean up the asbestos, causing the plaintiffs and their family to leave their home for three months, to incur unnecessary expenses, and to sustain, among other things, sleeplessness, anxiety, changes in appetite and temper, inability to concentrate, and the fear of developing cancer.

We agree that the plaintiffs have failed to establish a viable cause of action to recover damages for emotional distress. The plaintiffs have offered no evidence of asbestos contamination which might develop into cancer. While it is true that New York recognizes a cause of action to recover damages for pure emotional distress (see, Ferrara v Galluchio, 5 NY2d 16), the plaintiffs must produce evidence which is sufficient to guaran-

tee the genuineness of the claim *(see, Johnson v State of New York,* 37 NY2d 378). The plaintiffs have not offered any proof that they have been physically contaminated by asbestos or that they had been advised by medical personnel of the likelihood of developing cancer *(see, Ferrara v Galluchio, supra).* The claim asserted, without further proof of contamination, is far too speculative *(see, Rittenhouse v St. Regis Hotel Joint Venture,* 180 AD2d 523; *Gerardi v Nuclear Util. Servs.,* 149 Misc 2d 657; *Ordway v County of Suffolk,* 154 Misc 2d 269; *Petri v Bank of N. Y.,* 153 Misc 2d 426; *Hare v State of New York,* 143 Misc 2d 281, *affd* 173 AD2d 523; *Doe v Doe,* 136 Misc 2d 1015).

The plaintiffs' demand for punitive damages was properly stricken, as the plaintiffs did not allege any acts by the defendants which bore such a high degree of moral culpability as to warrant punitive damages *(see, Rose Lee Mfg. v Chemical Bank,* 186 AD2d 548; *Jakobsen v Wilfred Labs.,* 99 AD2d 525). The plaintiffs failed to allege facts as to the defendants' conduct which would support anything other than a finding of ordinary negligence *(see, McDougald v Garber,* 73 NY2d 246).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.