■ RICHARD P. JONES et al., Respondents, v UTILITIES PAINTING CORPORATION, Appellant. (And Third-Party Actions.) [603 NYS2d 546] —In an action, *inter alia,* to recover damages for future medical surveillance costs, the defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 17, 1991, which denied its motion to dismiss the complaint and granted the plaintiffs' cross motion to strike the affirmative defense of failure to state a cause of action from the answer.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, the complaint is dismissed, and the plaintiffs' cross motion is dismissed as academic.

Assuming, *arguendo,* that a cause of action to recover damages for future medical monitoring costs is viable, the complaint fails to specifically allege actual exposure to asbestos, at toxic levels, sufficient to state a cause of action upon which relief can be based *(see, Erani v Flax,* 193 AD2d 777; *Conway v Brooklyn Union Gas Co.,* 189 AD2d 851; *Rittenhouse v St. Regis Hotel Joint Venture,* 149 Misc 2d 452, *revd in part* 180 AD2d 523; *cf., Askey v Occidental Chem. Corp.,* 102 AD2d 130; *Friends For All Children v Lockheed Aircraft Corp.,* 746 F2d 816). Moreover, we take judicial notice of the fact that all of those plaintiffs still in the employ of the third-party defendant Consolidated Edison Co., are receiving medical monitoring for asbestos exposure pursuant to the Federal Occupational Health and Safety Act, provided by their employer *(see,* 29 CFR 1910.1001, 1926.58). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.