■ JOHN DONER, Appellant, v ED ADAMS CONTRACTING, INC., Defendant and Third-Party Plaintiff-Respondent; ADIRONDACK STRUCTURAL SYSTEMS, INC., Third-Party Defendant-Respondent. [617 NYS2d 565] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Plumadore, J.), entered September 16, 1993 in Clinton County, which granted motions by defendant and third-party defendant for summary judgment dismissing the complaint.

Plaintiff seeks to recover for emotional distress he has allegedly suffered, and continues to suffer, since being exposed to asbestos fibers while removing old boilers and heating pipes from the Plattsburgh Air Force Base in 1985. Defendant, the general contractor for the project, and plaintiff's employer, against which defendant brought a third-party action for indemnification, both moved for summary judgment dismissing plaintiff's complaint, asserting that, inasmuch as plaintiff has suffered no asbestos-related physical injury, he is barred from recovering solely on the basis of his fear that he may contract asbestosis or cancer in the future. The motions were granted, and plaintiff appeals.

We affirm. Recovery for negligent infliction of "purely mental suffering" (Ferrara v Galluchio, 5 NY2d 16, 21) is permitted when the circumstances of the case provide a guarantee of the genuineness of the claim (supra, at 21), but only if the alleged emotional distress is reasonable, given the situation presented (see, Winik v Jewish Hosp., 31 NY2d 936, 947). Mental anxiety occasioned by the fear of developing a disease is not considered reasonable unless there is, at the very least, some evidence substantiating both actual exposure to the disease-causing agent (see, Kaufman v Physical Measurements, 207 AD2d 595, 596; Jones v Utilities Painting Corp., 198 AD2d 268, lv denied 83 NY2d 752; Rittenhouse v St. Regis Hotel Joint Venture, 149 Misc 2d 452, 455, mod on other grounds 180 AD2d 523), and a likelihood of contracting the disease as a result (see, Kaufman v Physical Measurements, supra, at 596; Conway v Brooklyn Union Gas Co., 189 AD2d 851, 852; see also, Marchica v Long Is. R. R. Co., 31 F3d 1197).

In the particular area of asbestos contamination, it has been noted that proof of mere exposure to the fibers, and even

evidence of contamination of the lungs thereby, does not necessarily indicate that the contaminated party will eventually develop any asbestos-related disease *(see, In re Hawaii Fed. Asbestos Cases,* 734 F Supp 1563, 1569-1570). Significantly, here, the medical proof demonstrates that plaintiff currently suffers no physical ailment as a result of his exposure to asbestos, and his test results reveal no objective signs that might point toward an increased likelihood of developing asbestosis or cancer. Moreover, although plaintiff has informed his physicians of his exposure, no doctor has indicated that he is likely to develop an asbestos-related impairment in the future. Thus, while plaintiff has arguably demonstrated that he was actually exposed to friable asbestos fibers in the course of his work *(compare, Rittenhouse v St. Regis Hotel Joint Venture, supra,* at 453), his claim must fail nonetheless, for his fear cannot, at this point in time, be said to be reasonable.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.