■ NATHAN WOLFF et al., Respondents, v A-ONE OIL, INC., et al., Appellants, et al., Defendants. [627 NYS2d 788] —In an action to recover damages for personal injuries and property damage as a result of exposure to asbestos, (1) the defendants A-One Oil, Inc., and Clinton Kershaw appeal from so much of (a) an order of the Supreme Court, Dutchess County (Hillery, J.), entered July 20, 1993, as, upon reargument, denied their motion for partial summary judgment to dismiss the plaintiffs' causes of action to recover damages for fear of contracting lung cancer and/or mesothelioma insofar as they are asserted against them, and (b) a resettled order of the same court, dated September 7, 1993, as, in effect, denied their motion for partial summary judgment, and (2) the defendant Central Hudson Gas & Electric Corporation separately appeals from so much of the resettled order as, in effect, denied its separate motion for partial summary judgment dismissing the plaintiffs' causes of action to recover damages for fear of contracting lung cancer and/or mesothelioma insofar as they are asserted against it.

Ordered that the appeal from the order entered July 20, 1993, is dismissed as that order was superseded by the resettled order dated September 7, 1993; and it is further,

Ordered that the resettled order is reversed insofar as appealed from, on the law, without costs or disbursements, so much of the order entered July 20, 1993, as denied the defendants' motions for partial summary judgment is vacated, and the motions are granted.

Under the prevailing case law, in order to maintain a cause of action for "fear of [developing] cancer" following exposure to

a toxic substance like asbestos, a plaintiff must establish both that he was in fact exposed to the disease-causing agent and that there is a "rational basis" for his fear of contracting the disease (Rittenhouse v St. Regis Hotel Joint Venture, 149 Misc 2d 452, 454-455, mod on other grounds 180 AD2d 523; see also, Doner v Adams Contr., 208 AD2d 1072). This "rational basis" has been construed to mean the clinically demonstrable presence of asbestos fibers in the plaintiff's body, or some indication of asbestos-induced disease (i.e., some physical manifestation of asbestos contamination) (see, e.g., Conway v Brooklyn Union Gas Co., 189 AD2d 851; Rittenhouse v St. Regis Hotel Joint Venture, supra). Where, as here, the plaintiffs have established exposure but have failed to present any clinical evidence of asbestos contamination, the "rational basis" for their fear of developing cancer has not been shown, and their causes of action grounded on such a fear must be dismissed (cf., Ferrara v Galluchio, 5 NY2d 16).

We understand that commonly in cases of this sort physical contamination cannot be demonstrated for decades, so that many causes of action to recover damages for "fear of [developing] cancer" based upon exposure to toxins with long incubation or latency periods will be subject to summary dismissal. However, should the plaintiffs in fact develop an asbestos-related disease, they can bring another action within three years of discovering their injury pursuant to CPLR 214-c. Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.