(April 21, 1997)

■ JOHN R. ABUSIO et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [656 NYS2d 371] —In an action, *inter alia,* to recover damages for emotional distress and future medical monitoring costs arising out of exposure to polychlorinated biphenyls, the plaintiffs appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated December 1, 1995, which, *inter alia,* upon the granting of the defendant's motion to set aside the jury verdict in favor of the plaintiffs John R. Abusio, Alice Boroden, Louise Cardoza, Michelle M. Cardoza, Thomas J. Golliver, Sr., Diana Golliver, Thomas J. Golliver, Jr., John Nisbett, Dolores Nisbett, and Daniel Colacicco, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly set aside the jury verdict awarding damages for emotional distress and/or future medical monitoring costs. Under the prevailing case law, in order to maintain a cause of action for fear of developing cancer or for future medical monitoring costs following exposure to a toxic substance like polychlorinated biphenyls (hereinafter PCBs), a plaintiff must establish both that he or she was in fact exposed to the disease-causing agent and that there is a "rational basis" for his or her fear of contracting the disease (*see, Wolff v A-One Oil,* 216 AD2d 291; *Rittenhouse v St. Regis Hotel Joint Venture,* 149 Misc 2d 452, 454-455, *mod on other grounds* 180 AD2d 523;

*see also, Doner v Adams Contr.,* 208 AD2d 1072; *Jones v Utilities Painting Corp.,* 198 AD2d 268). This "rational basis" has been construed to mean the clinically demonstrable presence of PCBs in the plaintiff's body, or some indication of PCB-induced disease, i.e., some physical manifestation of PCB contamination *(see, e.g., Wolff v A-One Oil, supra; Conway v Brooklyn Union Gas Co.,* 189 AD2d 851; *Rittenhouse v St. Regis Hotel Joint Venture, supra).*

Here, although the appellants presented sufficient evidence to establish exposure, they failed to present any clinical evidence of PCB contamination. Because the appellants failed to show a "rational basis" for their fear of developing the disease, they failed to set forth valid causes of action for emotional distress and future medical monitoring costs upon which relief could be granted.

The appellants' remaining contentions are either unpreserved for appellate review *(see,* CPLR 5501 [a]) or without merit. Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.