■ CHARLES PRATO et al., Respondents, et al., Plaintiffs, v ERNEST VIGLIOTTA et al., Appellants, et al., Defendants. [677 NYS2d 386] —In an action to recover damages, *inter alia,* for the negligent infliction of emotional distress, (1) the defendants Ernest Vigliotta, Mario Vigliotta, Thomas Vigliotta, Vig's Service Station, Inc., and Vigliotta Bros., Inc. (hereinafter the Vigliotta defendants) appeal, and (2) the defendants Sun Company, Inc. (R&M), sued herein as as Sun Mark, Inc., and Sun Oil Company, doing business as Sunoco (hereinafter the Sun defendants), separately appeal from so much of (a) an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 24, 1997, as denied the motion of the Sun defendants, in which the Vigliotta defendants joined, for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs Charles Prato, Margarita Prato, Robert Zak, Anthony Grella, Michael J. McLaughlin, and Robert Seifert to recover damages for psychological injuries and emotional distress, (b) an order of the same court also dated October 24, 1997, as denied the motion of the Sun defendants, in which the Vigliotta defendants joined, for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs John Roca, Kenneth Charof, Noel Seifert, and Mariette Hines Gomez to recover damages for psychological injuries and emotional distress, (c) an order of the same court, also dated October 24, 1997, as denied the motion of the Sun defendants, in which the Vigliotta defendants joined, for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs William Baker, Gertrude B. Baker, Michel Perrier, Laurie Perrier, and Lynn Imbesi to recover damages for personal injuries, psychological injuries, and emotional distress, (d) an order of the same court, also dated October 24, 1997, as denied the motion of the Sun defendants, in which the Vigliotta defendants joined, for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs Ole Isaksen, Elizabeth Isaksen, Darwin Haynes, Donna Haynes, and Hermel Nadeau to recover damages for personal injuries, psychological injuries, and emotional distress, and all causes of action asserted in the amended complaint on behalf of the

plaintiff Micheline Nadeau, (e) an order of the same court, dated October 27, 1997, as denied the motion of the Sun defendants, in which the Vigliotta defendants joined, for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs Lisa Huemmer, Joyce Gorman, Guy Imbesi, Joseph DeLuca, and Albert Palmaccio to recover damages for personal injuries, psychological injuries, and emotional distress, and (f) an order of the same court, also dated October 27, 1997, as denied the motion of the Sun defendants for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs Bruce W. Dyer, Allyson E. Dyer, Catherine Grella, and Margaret Palmaccio to recover damages for personal injuries, psychological injuries, and emotional distress, and (3) the defendant Coastal Oil New York, Inc., appeals from stated portions of two of the orders dated October 24, 1997, and one of the orders dated October 27, 1997.

Ordered that the appeals by the defendant Coastal Oil New York, Inc., are dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal by the Vigliotta defendants from the order dated October 27, 1997, which denied the motion of the Sun defendants for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs Bruce W. Dyer, Allyson E. Dyer, Catherine Grella, and Margaret Palmaccio which were to recover damages for personal injuries, psychological injuries, and emotional distress, is dismissed, as they are not aggrieved thereby, not having joined in the motion; and it is further,

Ordered that the orders dated October 24, 1997, are reversed insofar as appealed from by the Vigliotta and the Sun defendants, the motions are granted, the causes of action asserted in the amended complaint on behalf of the plaintiffs Charles Prato, Margarita Prato, Ole Isaksen, Elizabeth Isaksen, Robert Zak, Lisa Huemmer, Darwin Haynes, Donna Haynes, William Baker, Gertrude B. Baker, John Roca, Michel Perrier, Laurie Perrier, Kenneth Charof, Hermel Nadeau, Guy Imbesi, Lynn Imbesi, Anthony Grella, Michael J. McLaughlin, Robert Seifert, Noel Seifert, Mariette Hines Gomez, Joseph DeLuca, and Albert Palmaccio to recover damages for personal injuries, psychological injuries, and emotional distress, and all causes of action asserted on behalf of the plaintiff Micheline Nadeau are dismissed insofar as asserted against those defendants and the

action against the remaining defendants is severed; and it is further,

Ordered that the order dated October 27, 1997, which denied the motion of the Sun defendants for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs Bruce W. Dyer, Allyson E. Dyer, Catherine Grella, and Margaret Palmaccio to recover damages for personal injuries, psychological injuries, and emotional distress is reversed insofar as reviewed, the motion is granted, those causes of action are dismissed insofar as asserted against those defendants and the action against the remaining defendants is severed; and it is further,

Ordered that the order dated October 27, 1997, which denied the motion of the Sun defendants, in which the Vigliotta defendants joined, for partial summary judgment dismissing those causes of action asserted in the amended complaint on behalf of the plaintiffs Lisa Huemmer, Joyce Gorman, Guy Imbesi, Joseph DeLuca, and Albert Palmaccio to recover damages for personal injuries, psychological injuries, and emotional distress is reversed insofar as appealed from by those defendants, the motion is granted, those causes of action are dismissed insofar as asserted against those defendants and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

To maintain a cause of action to recover damages for emotional distress following exposure to a toxic substance, a plaintiff must establish both that he was in fact exposed to a disease-causing agent and that there is a "rational basis" for his fear of contracting a disease (*see, Abusio v Consolidated Edison Co.,* 238 AD2d 454; *Wolff v A-One Oil,* 216 AD2d 291; *Rittenhouse v St. Regis Hotel Joint Venture,* 149 Misc 2d 452, 454-455, *mod on other grounds* 180 AD2d 523; *see also, Doner v Adams Contr.,* 208 AD2d 1072; *Jones v Utilities Painting Corp.,* 198 AD2d 268). A "rational basis" has been construed to mean the clinically-demonstrable presence of a toxin in the plaintiff's body, or some other indication of a toxin-induced disease (*see, e.g., Abusio v Consolidated Edison Co., supra; Wolff v A-One Oil, supra; Conway v Brooklyn Union Gas Co.,* 189 AD2d 851; *Rittenhouse v St. Regis Hotel Joint Venture, supra).*

Here, although the respondents presented sufficient evidence to establish exposure to petroleum, they failed to present any clinical evidence of some physical manifestation of petroleum contamination. Because the respondents failed to raise an is-

sue of fact as to whether there was a "rational basis" for their fear of developing a disease, they failed to set forth valid causes of action for emotional distress upon which relief could be granted.

Moreover, the respondents failed to establish any nexus between any personal injuries they sustained and petroleum contamination (*see, Iannotti v City of Amsterdam,* 225 AD2d 990).

Accordingly, summary judgment is granted to the extent indicated. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.