LINDA DiSTEFANO, Appellant, et al., Plaintiffs, v NABISCO, INC., et al., Respondents. [767 NYS2d 891]—

In an action, inter alia, to recover damages for emotional distress, the plaintiff Linda DiStefano, as guardian of John C. DiStefano II, appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Werner, J.), entered October 8, 2002, as, upon an order of the same court dated August 21, 2002, dismissed the complaint insofar as asserted by her on behalf of the infant plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

New York recognizes claims to recover damages for emotional distress (*see Ferrara v Galluchio,* 5 NY2d 16, 21 [1958]). However, a plaintiff must produce evidence which is sufficient to guarantee the genuineness of the claim (*see Johnson v State of New York,* 37 NY2d 378, 383-384 [1975]). To maintain a cause of action to recover damages for emotional distress following exposure to a toxic substance, a plaintiff must establish both that he or she was in fact exposed to a disease-causing agent and that there is a "rational basis" for his or her fear of contracting a disease (*see Prato v Vigliotta,* 253 AD2d 746, 748 [1998]; *Abusio v Consolidated Edison Co. of N.Y.,* 238 AD2d 454 [1997]; *Wolff v A-One Oil,* 216 AD2d 291, 292 [1995]). This Court has construed "rational basis" to mean "the clinically-demonstrable presence of a toxin in the plaintiff's body, or some other indication of a toxin-induced disease" (*Prato v Vigliotta, supra* at 748; *see e.g. Abusio v Consolidated Edison Co. of N.Y., supra*).

In opposition to the defendants' prima facie showing of entitlement to summary judgment, although the plaintiff established that the infant plaintiff was exposed to volatile organic compounds (hereinafter VOC), she presented neither clinical evidence of some physical manifestation of VOC contamination (*see Prato v Vigliotta, supra*), nor evidentiary proof in admissible form sufficient to establish a triable issue of fact regarding some other indication of a toxin-induced disease (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, the plaintiff failed to raise a triable issue of fact as to whether there was a "rational basis" for the infant plaintiff's fear of developing a disease.

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.