■ JOHN CLEARY et al., Respondents, v WALLACE OIL COMPANY, INC., et al., Appellants, et al., Defendants. (Action No. 1.) PREFERRED MUTUAL INSURANCE COMPANY, as Subrogee of JOHN CLEARY and Another, Respondent, v WALLACE OIL COMPANY, INC., et al., Appellants, et al., Defendants. (Action No. 2.) [865 NYS2d 663]—

In two related actions, inter alia, to recover damages for injury to property, the defendants Wallace Oil Company, Inc., Alta East, Inc., Star Gas Partners, L.P., Meenan Oil Company, Inc., Region Oil, Petro Holdings, Inc., and Petro, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated March 12, 2007, as denied their cross motion for summary judgment dismissing the claims of John Cleary, Karen Cleary, Erin Cleary, and John Cleary, Jr., the plaintiffs in action No. 1, for punitive damages and those plaintiffs' causes of action to recover damages for negligent infliction of emotional distress, and granted the cross motion of Preferred Mutual Insurance Company, as subrogee of John Cleary and Karen Cleary, the plaintiff in action No. 2, for summary judgment on the issue of liability with respect to the causes of action to recover damages pursuant to article 12 of the Navigation Law.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants Wallace Oil Company, Inc., Alta East, Inc., Star Gas Partners, L.P., Meenan Oil Company, Inc., Region Oil, Petro Holdings, Inc., and Petro, Inc., which was for summary judg-

ment dismissing the causes of action to recover damages for negligent infliction of emotional distress, and substituting therefor a provision granting that branch of that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants to the plaintiff in action No. 2.

In making a delivery of heating oil to the home of the plaintiffs John Cleary, Karen Cleary, Erin Cleary, John Cleary, Jr., and Daniel Cleary (hereinafter collectively the Clearys), an employee of the defendant Wallace Oil Company, Inc., attached his delivery hose to an abandoned fill pipe which was not connected to a fuel tank. The fill pipe opened into the rafters of the basement, and the employee proceeded to pump more than 900 gallons of fuel oil into the Clearys' home. The Clearys and their insurance carrier Preferred Mutual Insurance Company, as subrogee of John Cleary and Karen Cleary (hereinafter PMIC), separately commenced the instant actions to recover damages from, among others, Wallace Oil Company, Inc., Alta East, Inc., Star Gas Partners, L.P., Meenan Oil Company, Inc., Region Oil, Petro Holdings, Inc., and Petro, Inc. (hereinafter collectively Wallace).

The Supreme Court erred in concluding that a question of fact exists as to whether the Clearys could recover damages for negligent infliction of emotional distress based upon their alleged exposure to toxic substances. A breach of a duty of care "resulting directly in emotional harm is compensable even though no physical injury occurred" (*Kennedy v McKesson Co.,* 58 NY2d 500, 504 [1983]; *see Ornstein v New York City Health & Hosps. Corp.,* 10 NY3d 1, 6 [2008]; *DiStefano v Nabisco, Inc.,* 2 AD3d 484, 485 [2003]; *Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36, 44 [1996]). However, the mental injury must be "a direct, rather than a consequential, result of the breach" (*Kennedy v McKesson Co.,* 58 NY2d at 506) and the claim must "possess some guarantee of genuineness" (*Ferrara v Galluchio,* 5 NY2d 16, 21 [1958]; *see Ornstein v New York City Health & Hosps. Corp.,* 10 NY3d at 6; *see DiStefano v Nabisco, Inc.,* 2 AD3d at 485). Thus, "[t]o maintain a cause of action to recover damages for [negligent infliction of] emotional distress following exposure to a toxic substance, a plaintiff must establish both that he or she was in fact exposed to a disease-causing agent and that there is a 'rational basis' for his or her fear of contracting a disease" (*DiStefano v Nabisco, Inc.,* 2 AD3d at 485; *see Prato v Vigliotta,* 253 AD2d 746, 748 [1998]; *Abusio v Consolidated Edison Co. of N.Y.,* 238 AD2d 454 [1997]; *Wolff v A-One Oil,* 216 AD2d 291, 291-292 [1995]; *Doner v Adams*

*Contr.,* 208 AD2d 1072 [1994]). "This Court has construed 'rational basis' to mean 'the clinically-demonstrable presence of a toxin in the plaintiff's body, or some other indication of a toxin-induced disease' " (*DiStefano v Nabisco, Inc.,* 2 AD3d at 485, quoting *Prato v Vigliotta,* 253 AD2d at 748; *Abusio v Consolidated Edison Co. of N.Y.,* 238 AD2d 454 [1997]).

In opposition to Wallace's prima facie showing of entitlement to judgment as a matter of law, the Clearys failed to raise a triable issue of fact. Although the Clearys' expert affirmed that the environment in the house was toxic, it is undisputed that none of the Clearys were present in the house when the oil spilled and there is no evidence or allegation that Erin Cleary, John Cleary, Jr., or Daniel Cleary were ever exposed to the toxic environment by entering the house after the spill. Although John Cleary and Karen Cleary alleged that they entered the house on occasion to inspect and that they had some contact with their personal property, they did not present clinical evidence of some physical manifestation of contamination or evidentiary proof of "some other indication of a toxin-induced disease" (*DiStefano v Nabisco Inc.,* 2 AD3d at 485 [internal quotation marks omitted]). Thus, they are not entitled to recover damages for negligent infliction of emotional distress and Wallace should have been awarded summary judgment dismissing those causes of action.

The Supreme Court correctly denied that branch of Wallace's cross motion which was for summary judgment dismissing the Clearys' claims for punitive damages. Wallace's only argument in this regard is that it could not be held liable for punitive damages as a result of the action of its employee because there was no evidence that it "authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant" (*Loughry v Lincoln First Bank,* 67 NY2d 369, 378 [1986]; *see Gallo v 800 Second Operating,* 300 AD2d 537, 538 [2002]). Here, however, the Clearys' claims for punitive damages are limited to the alleged "direct and independent gross negligence" of Wallace, i.e., actions and omissions of Wallace itself. Thus, the case law cited by Wallace is inapposite, and Wallace's failure to address its own alleged misconduct, as opposed to the acts and omissions of its employee, requires that this branch of its cross motion be denied.

The Supreme Court did not err in granting PMIC's motion for summary judgment on the issue of liability with respect to the causes of action to recover damages pursuant to article 12 of the Navigation Law. Pursuant to the Navigation Law, any

party who has discharged petroleum is "strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained" (Navigation Law § 181 [1]; *see Matera v Mystic Transp.*, 308 AD2d 514, 517 [2003]). "Discharge" is defined, in relevant part, as "any intentional or unintentional action or omission resulting in the releasing, spilling [or] pumping . . . of petroleum" (Navigation Law § 172 [8]). "[A] 'claim' may only be asserted by an injured person 'who is not responsible for the discharge' " (*Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d 715, 717 [2005], quoting Navigation Law § 172 [3]; *General Cas. Ins. Co. v Kerr Heating Prods.*, 48 AD3d 512 [2008]).

Here, PMIC established its prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that Wallace pumped oil into an abandoned fill pipe that led to the Clearys' basement, thereby discharging oil into the house, and that the Clearys' property was damaged as a result of the discharge (*see Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d at 717; *Matera v Mystic Transp.*, 308 AD2d at 518). Wallace failed to raise a triable issue of fact in opposition. It relied solely upon an attorney's affirmation, in which counsel asserted that the Clearys were negligent in failing to remove the abandoned fill pipe and that this negligence contributed to the oil spill. The affirmation of Wallace's attorney "has no probative weight and cannot raise a triable issue of fact" (*Bates v Yasin*, 13 AD3d 474 [2004]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.