■ KARIN K., Respondent, v FOUR WINDS HOSPITAL et al., Appellants. [881 NYS2d 910]—

In an action, inter alia, to recover damages for the negligent infliction of emotional distress, the defendants appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 10, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for mental and emotional injuries she claims to have sustained as a result of the alleged disclosure by the defendants of her medical information to a third party without her consent. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, through deposition testimony and transcripts of the relevant telephone conversations, that they did not disclose the plaintiff's medical information (*see McCormack v County of Westchester*, 286 AD2d

24, 31 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact by presenting any evidence of such disclosure (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In any event, while a breach of a duty of care "resulting directly in emotional harm is compensable even though no physical injury occurred," where the mental injury is "a direct, rather than a consequential, result of the breach" (*Kennedy v McKesson Co.*, 58 NY2d 500, 504, 506 [1983]; *see Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d 1, 6 [2008]; *Cleary v Wallace Oil Co., Inc.*, 55 AD3d 773, 775-776 [2008]; *DiStefano v Nabisco, Inc.*, 2 AD3d 484, 485 [2003]; *Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 44 [1996]), the claim must "possess some guarantee of genuineness" (*Ferrara v Galluchio*, 5 NY2d 16, 21 [1958]; *see Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d at 6). Here, the plaintiff failed to demonstrate any such guarantee with respect to her claim of mental or emotional injury.

The defendants' motion for summary judgment dismissing the complaint should, therefore, have been granted. Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.