■ RICKY KAMDEM-OUAFFO, Appellant, v PEPSICO, INC., Respondent. [21 NYS3d 150]—

In an action, inter alia, to recover damages for alleged violations of Labor Law § 740, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered July 9, 2013, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Starting in or around July 2008, the plaintiff worked on a temporary basis, through a staffing agency, at the defendant's research and development facility in Valhalla, New York. Although the project was initially scheduled to last about five months, the contract with the staffing agency for the plaintiff's services was extended to October 5, 2009. On September 28, 2009, the plaintiff was asked to leave the premises and not to return. However, the staffing agency was paid for the plaintiff's

services through the expiration of his contract on October 5, 2009.

The plaintiff commenced this action pursuant to Labor Law § 740, alleging that his employment was terminated, his contract was not renewed, and he was not offered a permanent position with the defendant in retaliation for communications he made to supervisors concerning alleged violations of law and regulations related to research he was conducting on an aroma encapsulate which contained formaldehyde. The complaint also asserted causes of action sounding in negligence and negligent supervision, among others, alleging that the plaintiff was directed to sniff the aroma encapsulate slurry without notice of its formaldehyde content or adequate training on proper protective equipment. The defendant moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion, and the plaintiff appeals.

Labor Law § 740, commonly known as the "whistleblower statute," prohibits an employer from taking any retaliatory personnel action against an employee because such employee "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" or "objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation" (Labor Law § 740 [2] [a], [c]; see Bordell v General Elec. Co., 88 NY2d 869, 870 [1996]; Ulysse v AAR Aircraft Component Servs., 128 AD3d 1053 [2015]; Carillo v Stony Brook Univ., 119 AD3d 508, 509 [2014]). In order to recover under Labor Law § 740, a plaintiff must establish that an actual violation of law or regulation occurred; a plaintiff's reasonable belief that a violation occurred is insufficient (see Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 452 [2014]; Bordell v General Elec. Co., 88 NY2d at 871).

Here, the defendant established its prima facie entitlement to judgment as a matter of law on the third and fourth causes of action asserted pursuant to the whistleblower statute by demonstrating that neither the plaintiff's June 30, 2009, communication concerning alleged violations of the "Delaney Clause" of the Food, Drug, and Cosmetic Act applicable to food additives (see 21 USC § 348 [c] [3] [A]), or his later communications concerning alleged violations of Occupational Safety and Health Administration (hereinafter OSHA) regulations, involved actual violations of law or regulation. The June 30,

2009, email concerned a product which was still in conceptual stages and, thus, there was no actual violation of the Delaney Clause at the time of this communication. As to the alleged OSHA violations, the defendant met its prima facie burden by submitting a January 21, 2010, determination by the Regional Administrator of OSHA, finding that there was no reasonable cause to believe that the defendant had violated OSHA. In opposition, the plaintiff failed to raise a triable issue of fact (*see Bordell v General Elec. Co.*, 88 NY2d at 871; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 288 AD2d 350, 351 [2001]). The Supreme Court providently exercised its discretion in finding that expert testimony was necessary to establish the levels of formaldehyde the aroma encapsulate was capable of releasing, and that the plaintiff was not qualified to render an opinion thereon (*see Reidy v Raman*, 85 AD3d 892, 893 [2011]; *Guzzi v City of New York*, 84 AD3d 871, 873 [2011]; *Monsegur v Modern Comfort Tech.*, 289 AD2d 307 [2001]). Accordingly, the Supreme Court properly discounted the exposure calculations made by the plaintiff, and properly granted those branches of the defendant's motion which were for summary judgment dismissing the third and fourth causes of action, which alleged violations of Labor Law § 740 by wrongful discharge of the plaintiff from employment, and refusing to consider the plaintiff for a "continuing position," respectively.

The Supreme Court also properly granted those branches of the defendant's motion which were for summary judgment dismissing the negligence causes of action based on a lack of damages. For a plaintiff to recover damages for purely emotional injuries, the claim must possess "some guarantee of genuineness" (*Ferrara v Galluchio*, 5 NY2d 16, 21 [1958]; *see Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d 1, 6 [2008]; *Cleary v Wallace Oil Co., Inc.*, 55 AD3d 773, 775 [2008]). Thus, "[t]o maintain a cause of action to recover damages for emotional distress following exposure to a toxic substance, a plaintiff must establish both that he or she was in fact exposed to a disease-causing agent and that there is a 'rational basis' for his or her fear of contracting a disease" (*DiStefano v Nabisco, Inc.*, 2 AD3d 484, 485 [2003]; *see Cleary v Wallace Oil Co., Inc.*, 55 AD3d at 775; *Prato v Vigliotta*, 253 AD2d 746, 748 [1998]; *Abusio v Consolidated Edison Co. of N.Y.*, 238 AD2d 454 [1997]; *Doner v Adams Contr.*, 208 AD2d 1072 [1994]). "This Court has construed 'rational basis' to mean 'the clinically-demonstrable presence of a toxin in the plaintiff's body, or some other indication of a toxin-induced disease'" (*DiStefano v Nabisco, Inc.*, 2 AD3d at 485, quoting *Prato v Vigliotta*, 253 AD2d at 748; *see Cleary v Wallace Oil Co., Inc.*, 55 AD3d at 775).

Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the negligence causes of action by submitting a transcript of the plaintiff's deposition testimony in which he conceded that he had not been diagnosed with or treated for any effects of formaldehyde exposure. In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was a "rational basis" for his fear of developing a disease (see Prato v Vigliotta, 253 AD2d at 748-749).

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the remaining causes of action to recover damages for breach of contract, negligent and intentional infliction of emotional distress, and battery (see CPLR 215 [3]; Labor Law § 740 [7]; DiStefano v Nabisco, Inc., 2 AD3d at 485). The plaintiff failed to oppose the defendant's motion with respect to dismissal of these causes of action and, therefore, failed to raise a triable issue of fact (see Grant v City of New York, 109 AD3d 961, 963 [2013]; Allan v DHL Express [USA], Inc., 99 AD3d 828, 832 [2012]). To the extent that the plaintiff raises issues regarding alleged malpractice by his former attorney, those contentions are not properly before the Court.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.