Status Gen. Dev., Inc. v 501 Broadway Partners, LLC (2018 NY Slip Op 05217)





Status Gen. Dev., Inc. v 501 Broadway Partners, LLC


2018 NY Slip Op 05217


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02320
 (Index No. 700182/13)

[*1]Status General Development, Inc., plaintiff, 
v
501 Broadway Partners, LLC, appellant.


Meister Seelig & Fein LLP, New York, NY (Kevin A. Fritz of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated February 18, 2016. The order denied the defendant's unopposed motion, inter alia, for summary judgment dismissing the complaint, on its counterclaims, and dismissing the plaintiff's affirmative defenses to its counterclaims.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were for summary judgment (1) dismissing the complaint, (2) on so much of its first counterclaim as alleged that the plaintiff breached the parties' close-out agreement by (a) failing to complete the sidewalk replacement work provided for in paragraph 1(a) of that agreement, (b) failing to obtain and provide written administrative approval of electrical work of the plaintiff's subcontractor BLZ Electric, Inc., and (c) failing to deliver an executed lien release from the plaintiff's subcontractor E & W Wholesale/DL2 Electric, (3) on so much of its second counterclaim as sought specific performance of the plaintiff's obligations to provide written administrative approval of electrical work of BLZ Electric, Inc., and the E & W Wholesale/DL2 Electric lien release, and (4) dismissing the plaintiff's fifth affirmative defense to its counterclaims, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant engaged the plaintiff as the general contractor on a construction project on property the defendant owns in Manhattan. Subsequently, the parties entered into a close-out agreement purporting to settle their respective obligations vis-a-vis the project. Thereafter, the plaintiff commenced this action alleging that the defendant had failed to pay the plaintiff $117,233.13 to which the plaintiff was entitled under the close-out agreement. The defendant disputed that the plaintiff was entitled to the payment and asserted two counterclaims alleging that the plaintiff had breached various provisions of the construction contract and close-out agreement and seeking damages and specific performance. The plaintiff served a reply asserting various affirmative defenses to the defendant's counterclaims. The defendant then moved, inter alia, for summary judgment dismissing the complaint, on its counterclaims, and dismissing the plaintiff's affirmative defenses to its counterclaims. The plaintiff did not oppose the motion. The Supreme Court denied the motion on the ground that, in an affidavit of Charles Dunne, an authorized representative of the defendant, on which the defendant primarily relied in support of its motion, Dunne's signature and the jurat appeared on a separate, otherwise blank page. The defendant [*2]appeals.
The Supreme Court erred in denying the defendant's unopposed motion on the ground that Dunne's affidavit was not properly signed. The fact that Dunne's signature and the jurat appeared on a page separate from the rest of the affidavit did not render it inadmissible. If anything, the separate signature page amounted to an irregularity that the court should have disregarded, as doing so did not prejudice the plaintiff (see CPLR 2001; Rosenblatt v St. George Health & Raquetball Assoc., LLC, 119 AD3d 45, 55-56), which was deemed to have waived the issue by failing to timely raise it after service of the defendant's motion papers (see CPLR 2101[f]).
In the interest of judicial economy, we deem it appropriate, under the circumstances of this case, to address the defendant's motion on the merits, rather than remitting the matter to the Supreme Court, Queens County, to do so (see Rosenblatt v St. George Health & Raquetball Assoc., LLC, 119 AD3d at 56; Nisimova v Starbucks Corp., 108 AD3d 513, 514).
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by showing that the plaintiff failed to meet the conditions entitling it to the $117,233.13 payment under the close-out agreement (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendant also established its prima facie entitlement to judgment as a matter of law on so much of its first counterclaim as alleged that the plaintiff breached the close-out agreement by failing to complete the sidewalk replacement work provided for in paragraph 1(a) of that agreement, failing to obtain and provide written administrative approval of electrical work of the plaintiff's subcontractor BLZ Electric, Inc. (hereinafter BLZ), as required by paragraph 2, and failing to deliver an executed lien release from the plaintiff's subcontractor E & W Wholesale/DL2 Electric (hereinafter E & W), as required by paragraph 3. In this regard, the defendant also demonstrated, prima facie, that it was entitled to summary judgment on so much of its second counterclaim as sought specific performance of the plaintiff's obligations under the close-out agreement to provide the E & W lien release and written approval of BLZ's electrical work.
The defendant further established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's fifth affirmative defense to its counterclaims.
Inasmuch as the plaintiff did not oppose the motion, it failed to raise a triable issue of fact with respect to any of these issues (see Kamdem-Ouaffo v Pepsico, Inc., 133 AD3d 825, 828; Grant v City of New York, 109 AD3d 961, 963).
However, the defendant failed to eliminate all triable issues of fact with respect to the remaining portions of its counterclaims or demonstrate, prima facie, that the plaintiff's first through fourth affirmative defenses to its counterclaims were not applicable (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court