Cleveland v Gregory C. Perry, M.D., FDR Med. Servs., P.C. (2019 NY Slip Op 06306)





Cleveland v Gregory C. Perry, M.D., FDR Med. Servs., P.C.


2019 NY Slip Op 06306


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


617 CA 18-01137

[*1]TAMMY A. CLEVELAND, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF MICHAEL E. CLEVELAND, DECEASED, PLAINTIFF-APPELLANT,
v
GREGORY C. PERRY, M.D., FDR MEDICAL SERVICES, P.C., KALEIDA HEALTH AND KALEIDA HEALTH/DEGRAFF MEMORIAL HOSPITAL, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






BURKWIT LAW FIRM, PLLC, ROCHESTER (CHARLES F. BURKWIT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS GREGORY C. PERRY, M.D., AND FDR MEDICAL

HEALTH/DEGRAFF MEMORIAL HOSPITAL. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.) entered May 4, 2018. The order granted defendants' motions seeking to enjoin and prohibit all parties and their attorneys from making extrajudicial statements about the action or the underlying facts in a public forum or in front of the media. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motions are denied.
Memorandum: Plaintiff Tammy A. Cleveland, individually and as administratrix of the estate of Michael E. Cleveland, deceased, commenced this action against defendants Gregory C. Perry, M.D. and FDR Medical Services, P.C. (FDR) (collectively, FDR defendants) and Kaleida Health and Kaleida Health/DeGraff Memorial Hospital (DeGraff) (collectively, Kaleida defendants), seeking damages for, inter alia, medical malpractice and intentional and negligent infliction of emotional distress arising from decedent's death. Decedent, who was plaintiff's husband, suffered cardiac arrest while grocery shopping with his son. Upon being transported to DeGraff, decedent was taken to a code room and intubated. CPR, which had been performed by paramedics prior to decedent's arrival at DeGraff, was continued and Perry, an FDR employee and emergency physician at DeGraff, detected a faint pulse, which lasted only briefly. Treatment continued until Perry pronounced decedent dead at 8:29 p.m. Thereafter, Perry notified plaintiff that decedent had died, and plaintiff, along with decedent's son and several other family members, was brought into the code room. Plaintiff alleges that, for the next two hours and 40 minutes, decedent was breathing, making eye contact, and moving around, which prompted her and the coroner to urge Perry and the nursing staff to examine decedent, but they refused to do so. When Perry examined decedent at 11:10 p.m. at plaintiff's insistence, he observed that decedent was, in fact, alive. Decedent was transferred to another hospital, where he underwent heart surgery and subsequently died.
In appeal No. 1, plaintiff appeals from an order that granted the motions of defendants seeking to enjoin and prohibit all parties and their attorneys from making extrajudicial statements [*2]about the action or the underlying facts in a public forum or in front of the media. In appeal No. 2, plaintiff appeals and defendants cross-appeal from an order that granted in part defendants' motions for summary judgment dismissing the complaint and dismissed the fifth and seventh causes of action, for intentional infliction of emotional distress (IIED), and dismissed plaintiff's claims for punitive damages. The order in appeal No. 2 denied defendants' motions insofar as they sought summary judgment dismissing, inter alia, the first through fourth causes of action, for medical malpractice, and the sixth and eighth causes of action, for negligent infliction of emotional distress (NIED).
In appeal No. 1, we agree with plaintiff that Supreme Court erred in granting defendants' motions for an order enjoining and prohibiting the parties and their attorneys from making extrajudicial statements about the action or the underlying facts in a public forum or in front of the media. Although defendants met their burden of "demonstrat[ing] that such statements present a reasonable likelihood' of a serious threat to [defendants'] right to a fair trial" (Matter of National Broadcasting Co. v Cooperman, 116 AD2d 287, 292 [2d Dept 1986]; see also Sheppard v Maxwell, 384 US 333, 363 [1966]), there is no evidence in the record "that less restrictive alternatives would not be just as effective in assuring the defendant[s] a fair trial" (National Broadcasting Co., 116 AD2d at 293, citing Nebraska Press Assn. v Stuart, 427 US 539, 562 [1976]; see Coggins v County of Nassau, 2014 WL 495646, *1 [ED NY, Feb. 6, 2014, No. 07-CV-3624 (JFB) (AKT)]). Absent "the requisite showing of a necessity for such restraints," a court may not impose prior restraints on First Amendment rights (National Broadcasting Co., 116 AD2d at 293). Inasmuch as alternative remedies such as a "searching voir dire" and "emphatic jury instructions" (In re Application of Dow Jones & Co., Inc., 842 F2d 603, 611 [2d Cir 1988], cert denied 488 US 946 [1988]) would be sufficient to mitigate the prejudice to defendants and protect their right to a fair trial (see In re General Motors LLC Ignition Switch Litig., 2015 WL 4522778, *5 [SD NY, July 24, 2015, Nos. 14-MD-2543 (JMF), 14-MC-2543 (JMF)]; Coggins, 2014 WL 495646, at *1; see also Munoz v City of New York, 2013 WL 1953180, *1 [SD NY, May 10, 2013, No. 11 Civ. 7402 (JMF)]), we conclude that the court erred in granting defendants' motions and we therefore reverse the order in appeal No. 1.
In appeal No. 2, we reject plaintiff's contention on her appeal that the court erred in granting defendants' motions to the extent that they sought summary judgment dismissing the fifth and seventh causes of action, for IIED. " The tort [of IIED] has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress' " (Zane v Corbett, 82 AD3d 1603, 1607 [4th Dept 2011], quoting Howell v New York Post Co., 81 NY2d 115, 121 [1993]). Here, defendants met their respective burdens on their motions with respect to the first element of IIED inasmuch as it is undisputed that Perry and members of the emergency department nursing staff at DeGraff believed that decedent was dead, and thus defendants' conduct, considered in that context, cannot be deemed "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56 [2016] [internal quotation marks omitted]; see generally Gilewicz v Buffalo Gen. Psychiatric Unit, 118 AD3d 1298, 1299 [4th Dept 2014]; Dobisky v Rand, 248 AD2d 903, 904-905 [3d Dept 1998]). In opposition, plaintiff failed to raise a material issue of fact (see generally Gilewicz, 118 AD3d at 1299).
We also reject plaintiff's contention in appeal No. 2 that the court erred in granting defendants' motions with respect to her claims for punitive damages. Punitive damage awards "serve[] the dual purpose of punishing the offending party for wrongful conduct and deterring others from engaging in similar conduct" (Gomez v Cabatic, 159 AD3d 62, 72 [2d Dept 2018]). "The standard for an award of punitive damages is that a defendant manifest evil or malicious conduct beyond any breach of professional duty" (Dupree v Giugliano, 20 NY3d 921, 924 [2012], rearg denied 20 NY3d 1045 [2013]). Thus, punitive damages are awarded in "circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton" (Prozeralik v Capital Cities Communications, 82 NY2d 466, 479 [1993] [internal quotation marks omitted]). Here, viewing the facts in the light most favorable to plaintiff, we cannot conclude that defendants' conduct constituted "a reckless indifference equivalent to wilful or intentional misdoing" (Frenya v Champlain Val. Physicians' Hosp. Med. Ctr., 133 AD2d 1000, 1000 [3d Dept 1987]; see Brooking v Polito, 16 [*3]AD3d 898, 899 [3d Dept 2005]).
We agree with defendants on their cross appeals in appeal No. 2 that the court erred in denying their motions insofar as they sought summary judgment dismissing the sixth and eighth causes of action, for NIED, and we modify the order in appeal No. 2 accordingly. "A breach of the duty of care resulting directly in emotional harm is compensable even though no physical injury occurred' (Kennedy v McKesson Co., 58 NY2d 500, 504 [1983]) when the mental injury is a direct, rather than a consequential, result of the breach' (id. at 506) and when the claim possesses some guarantee of genuineness' (Ferrara v Galluchio, 5 NY2d 16, 21 [1958])" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [2008]). Here, defendants met their respective burdens of establishing as a matter of law that plaintiff and decedent's son did not suffer mental and emotional injuries causally related to Perry's erroneous pronouncement of decedent's death, and plaintiff failed to raise a triable issue of fact by demonstrating the requisite " guarantee of genuineness' " with respect to her claims of mental or emotional injuries (Johnson v State of New York, 37 NY2d 378, 384 [1975]; see Karin K. v Four Winds Hosp., 64 AD3d 686, 687 [2d Dept 2009], lv denied 13 NY3d 711 [2009]).
In light of our determination, we do not address defendants' remaining contentions.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court