■ Louis Reda, Respondent, v St. Johnland Nursing Center, Appellant. [7 NYS3d 409]—

In an action to recover damages for unlawful termination of employment in violation of Labor Law § 740, the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated September 27, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

After his employment with the defendant, St. Johnland Nursing Center (hereinafter the Center), was terminated, the plaintiff commenced this action alleging that such termination was in violation of Labor Law § 740. The Center moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

Labor Law § 740 prohibits an employer from taking "any retaliatory personnel action against an employee" who, among other things, discloses to a supervisor or public body "an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]). Labor Law § 740 (4) (c) provides, however, that "[i]t shall be a defense to any action brought pursuant to this section that the personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section."

Here, the Center established its prima facie entitlement to

judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the termination of the plaintiff's employment was predicated upon his inappropriate actions and abusive behavior over a period of more than two years, rather than his exercise of rights protected by Labor Law § 740 (see Lukose v Long Is. Med. Diagnostic Imaging, P.C., 120 AD3d 1312, 1313 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the grounds asserted by the defendant for the termination of his employment were unsupported by the facts, or a pretext (see Labor Law § 740 [4] [c]; Knighton v Municipal Credit Union, 71 AD3d 604, 605 [2010]). Accordingly, the Center's motion for summary judgment dismissing the complaint should have been granted. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.