■ KENNETH M. YOUNG, Appellant, v MADISON-ONEIDA BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents, et al., Defendant. [65 NYS3d 831]—

Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered June 15, 2016. The order granted the motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff was formerly employed by defendant Madison-Oneida Board of Cooperative Educational Services (BOCES) as Assistant Director of Alternative Education, a probationary, nontenured administrative position. When the term of his appointment expired, plaintiff was not reappointed to his position. He commenced this action alleging, inter alia, unlawful retaliatory action under Labor Law § 740 (2), the "whistle-blowers' statute," by BOCES and the individual defendants, who were BOCES employees during the period of plaintiff's employment there.

Supreme Court properly granted defendants' motion seeking summary judgment dismissing the amended complaint. To prevail on his Labor Law § 740 (2) cause of action, plaintiff had the burden of proving that defendants retaliated against him because he "disclose[d], or threaten[ed] to disclose to a supervisor or to a public body an activity, policy or practice of [BOCES] that [was] in violation of law, rule or regulation which violation creat[ed] and present[ed] a substantial and specific danger to the public health or safety" (§ 740 [2] [a]), or because he "object[ed] to, or refuse[d] to participate in any such activity, policy or practice in violation of a law, rule or regulation" (§ 740 [2] [c]). Defendants, however, established as a matter of law that the conduct on their part that was alleged by plaintiff did not amount to violation of law, rule or regulation under the statute. Defendants' alleged practice of enrolling students before receiving the students' individual education plans (IEPs) or behavioral intervention plans (BIPs), even if proven, did not constitute an "actual violation of law to sustain a cause of action" under Labor Law § 740 (2) (*Bordell v General Elec. Co.*, 88 NY2d 869, 871 [1996]). Even assuming, arguendo, that defendants violated BOCES intake procedures by enrolling students before receiving their IEPs or BIPs, we conclude that those internal procedures do not qualify as a law, rule or regulation under the statute (*see Cohen v Hunter Coll.*, 80 AD3d 452, 452 [1st Dept 2011]). Finally, plaintiff cannot premise his whistle-blower claim upon defendants' alleged conduct in deceptively miscoding Violent and Disruptive Incident Reports (VADIRs) (*see* 8 NYCRR 100.2 [gg]). Plaintiff conceded that he was unaware of the VADIRs prior to the commencement of this action, and thus he cannot claim the protection of Labor Law § 740 for disclosing or threatening to disclose the alleged deceptive miscoding of VADIRs, or in objecting to or refusing to participate therein. Present—Smith, J.P., Carni, Curran and Winslow, JJ.