Ulysse v AAR Aircraft Component Servs. (2020 NY Slip Op 06312)





Ulysse v AAR Aircraft Component Servs.


2020 NY Slip Op 06312


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-11891
 (Index No. 10368/11)

[*1]Robinson Ulysse, appellant, 
v
AAR Aircraft Component Services, et al., respondents, et al., defendants.


Law Office of Andrew C. Laufer, PLLC, New York, NY, for appellant.
Epstein Becker & Green, P.C., New York, NY (John F. Fullerton III and Elizabeth D. Houghton of counsel), for respondents.



DECISION & ORDER
In an action to recover damages pursuant to Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated July 23, 2018. The order granted the motion of the defendant AAR Allen Services, Inc., doing business as Aircraft Component Services, incorrectly sued herein as AAR Aircraft Component Services, AAR Parts Trading, Inc., AAR Aircraft & Engine Group, Inc., AAR Aviation Trading, Inc., and AAR Allen Aircraft Corp., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In 1998, the plaintiff began working at AAR Allen Services, Inc., doing business as Aircraft Component Services (hereinafter the defendant), as an aircraft technician. In April 2009, his employment was terminated. In May 2011, the plaintiff commenced this action alleging that the defendant violated Labor Law § 740 by terminating his employment in retaliation for his complaining that his supervisors required him to use substandard or faulty parts in aircraft component units. After discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
Labor Law § 740 is commonly referred to as the "whistleblower statute." It creates a cause of action "in favor of an employee who has suffered a 'retaliatory personnel action' as a consequence of, inter alia, 'disclos[ing], or threaten[ing] to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety,' or as a consequence of 'object[ing] to, or refus[ing] to participate in any such activity, policy or practice in violation of a law, rule or regulation'" (Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc., 139 AD3d 665, 666, quoting Labor Law § 740[2][a], [c]; see Starikov v CEVA Frgt., LLC, 153 AD3d 1377, 1377-1378).
To sustain a cause of action under Labor Law § 740, an employee must establish an actual violation of law, rule, or regulation (see Bordell v General Elec. Co., 88 NY2d 869, 871). A [*2]plaintiff's unsubstantiated opinion, amounting to no more than a reasonable belief that a violation occurred, is insufficient (see Kamdem-Quaffo v Pepsico, Inc., 133 AD3d 825, 826; Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 288 AD2d 350, 351).
Here, the plaintiff asserts that his supervisors retaliated against him in response to his complaints as to alleged violations of a manual promulgated or reviewed by the Federal Aviation Administration (hereinafter the FAA) regarding repair and maintenance of certain aircraft components. The defendant established, prima facie, that the incidents forming the subjects of the plaintiff's complaints did not involve any actual violation of a law, rule, or regulation (see Kamdem-Quaffo v Pepsico, Inc., 133 AD3d at 826-827; Khan v State Univ. of New York Health Science Ctr., 288 AD2d at 351). In opposition, the plaintiff failed to raise a triable issue of fact (see Kamden-Quaffo v Pepsico, Inc., 133 AD3d at 827). In particular, at his deposition, he failed to testify to any dates or specifics of the alleged incidents. Moreover, the plaintiff did not submit any evidence regarding the alleged violation of the manual or other FAA rules, regulations, or laws, and he did not submit any evidence of action taken against the defendant by the FAA.
The defendant also established, prima facie, that the plaintiff's employment was terminated due to performance issues and not in retaliation for any complaints he may have made to management. Specifically, the defendant demonstrated that approximately one year prior to being terminated, the plaintiff was issued four written reprimands for work performance issues. In opposition, the plaintiff failed to raise a triable issue of fact (see Reda v St. Johnland Nursing Ctr., 127 AD3d 950, 950-951; Lukose v Long Is. Med. Diagnostic Imaging, P.C., 120 AD3d 1312, 1313).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court