Fox v. Starbucks Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.

PRESENT:

> JOHN M. WALKER, JR.,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

Rafael Fox, Paul D'Auria, Jill Shwiner,

> *Plaintiffs-Appellants*,

> v.

Starbucks Corporation, DBA Starbucks Coffee Company,                    No. 21-2531

> *Defendant-Appellee.*

---

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | ARIEL Y. GRAFF, Filosa Graff LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE: | DEVJANI MISHRA (A. Michael Weber, Rebecca Goldstein, Gary Moy, *on the brief*), Littler Mendelson P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Rafael Fox worked as a store manager for Defendant Starbucks Corporation ("Starbucks"). In October 2017, Starbucks reassigned Fox to a store where the previous manager had been terminated for wage-and-hour manipulation. After the transfer, Fox reported his belief that additional underpayment had occurred to then-District Manager Les Fable and, subsequently, to his successor, Tim Hutchinson. Several months later, Fox received a complaint from the New York City Department of Consumer Affairs ("DCA") alleging violations of New York City's Fair Workweek Law at his store. A Starbucks Senior Compliance Specialist, Tina McDonald, began investigating Fox's store in response. During one of McDonald's visits to Fox's store, Fox informed her that there were hazardous pest strips at other Starbucks stores. In February 2018, Starbucks terminated Fox's employment. Fox sued Starbucks for retaliation, alleging that Starbucks retaliated against him in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for his report of unpaid wages. Fox also alleged that Starbucks retaliated against him in violation of the NYLL alone for his report of the use of hazardous pest strips. The district court granted Starbucks's motion for summary judgment, concluding that Fox failed to establish a prima facie case for retaliation under the FLSA and the NYLL for his complaint about unpaid wages. The district court also granted Starbucks's motion for summary judgment on Fox's complaint about pest strips because he failed to show that the legitimate, non-

2

retaliatory reasons for his termination were pretextual.

Plaintiffs Jill Shwiner and Paul D'Auria were employees of AVP Termite & Pest Control of New York, Inc., which Starbucks hired for pest control services. They serviced multiple Starbucks locations in Manhattan. "Hot shots" or pest strips contain hazardous chemicals and are prohibited from use in Starbucks stores. Shwiner and D'Auria saw pest strips used in Starbucks stores and reported them to Starbucks. They sued Starbucks for negligent infliction of emotional distress for exposure to the pest strips. The district court granted Starbucks's motion for summary judgment because (1) Shwiner and D'Auria failed to establish that Starbucks owed them a duty of care and (2) their claim lacked a guarantee of genuineness.

Plaintiffs now appeal, challenging the district court's grant of summary judgment on their respective claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021). "The movant[s] must show that there is no genuine issue as to any material facts, and that they are entitled to judgment as a matter of law." *Id.*

"Federal and state law retaliation claims are reviewed under the burden-shifting approach of *McDonnell Douglas*." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013); *see Wilson v. N.Y. & Presbyterian Hosp.*, No. 21-1971, 2022 WL 17587564, at *1 (2d Cir. Dec. 13, 2022) (applying *McDonnell Douglas* framework to retaliation claims under FLSA and NYLL). "[T]he plaintiff bears the initial burden to establish a prima facie case of retaliation." *Ya-Chen*

3

*Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015). "Once the plaintiff has established a prima facie showing of retaliation, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action." *Zann Kwan*, 737 F.3d at 845. If the employer does so, "[t]he plaintiff must then come forward with [evidence that the employer's] non-retaliatory reason is a mere pretext for retaliation." *Id.* This requires showing "that it is more likely than not the employer's decision was motivated, at least in part, by an intent to retaliate."[1] *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).

First, even assuming Fox established a prima facie case of retaliation for his complaint about the pest strips, we agree with the district court's conclusion that he failed to demonstrate that Starbucks's reasons for his termination were pretextual. Fox does not dispute that he violated the Fair Workweek Law and that this is a legitimate, non-retaliatory reason for the termination. Rather, Fox challenges the accuracy of Starbucks's other reasons for his termination. Fox's arguments fail because he cannot show pretext "simply by questioning whether [his] misconduct was sufficiently severe to warrant termination." *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 89 (2d Cir. 2019).[2]

---

[1] This standard applies to claims under both the FLSA and the NYLL. *See Mullins v. City of New York*, 626 F.3d 47, 53–54 (2d Cir. 2010) (FLSA); *Esmilla v. Cosmopolitan Club*, 936 F. Supp. 2d 229, 248 (S.D.N.Y. 2013) (NYLL). Fox argues that a higher but-for standard applies to FLSA-retaliation claims, as is the case in Title VII retaliation claims after *University of Texas Southwest Medical Center v. Nassar*. 570 U.S. 338 (2013). We need not determine whether *Nassar*'s standard applies in FLSA cases as Fox's claims fail in any event. *Cf. Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 n.6 (2d Cir. 2016) (declining to determine whether *Nassar*'s but-for standard applies outside Title VII context where same result accrued under lower standard).

[2] For example, Fox disputes Starbucks Regional Director Carla Ruffin's account of a store visit during which she allegedly observed logbook entries that were written in Fox's own handwriting. Fox disputes the date of the visit and whether he was in fact in compliance with Starbucks policies regarding the logbook entries, but he does not dispute that "certain entries on my stores [sic] handwritten schedule

4

Second, Fox's identification of possible factual errors in Starbucks's rationale for his termination are also insufficient to show pretext. "[W]e are decidedly not interested in the truth of the allegations against plaintiff," as opposed to "what motivated the employer." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (cleaned up). The undisputed facts show that Fox received a complaint about an alleged violation of New York City's Fair Workweek Law at his store, that Starbucks proceeded to investigate his compliance, and that Starbucks decided to terminate Fox based on his "overall work performance, ethics and integrity," including Fair Workweek Law violations that Fox does not dispute. App'x at 1505. Fox's factual disputes, even viewed in the light most favorable to him, would not demonstrate that it was "more likely than not [Starbucks's] decision was motivated, at least in part, by an intent to retaliate." *El Sayed*, 627 F.3d at 933.

Third, for similar reasons, the district court correctly granted summary judgment on Fox's retaliation claim for his complaint about unpaid wages. In addition to Fox's failure to show a prima facie case, Starbucks provided legitimate, non-retaliatory reasons for his termination, and Fox has failed to show that these reasons were pretextual as explained above.

Fourth, we agree with the grant of summary judgment as to Shwiner's and D'Auria's claims. A claim for negligent infliction of emotional distress under New York law must show "(1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection

---

change log were not yet initialized by the affected employees." App'x at 1487. Ruffin concluded from the visit that "further investigation [was] needed to determine the scope of the problem in the store under Mr. Fox's leadership." App'x at 207. Accordingly, although Fox's date disputes might allow a factfinder to question whether Ruffin's discussion of her store visit is entirely accurate, he does not argue that she saw no potential improprieties but, instead, simply disagrees with her assessment of the situation. And in any case, Fox does not dispute that McDonald later concluded that Fox was in fact filling out the schedule change log himself.

between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021). We need not consider the district court's finding that Starbucks owed no special duty to Shwiner and D'Auria because we affirm its holding that they do not present a guarantee of genuineness.

To establish a guarantee of genuineness based on "exposure to a toxic substance, a plaintiff must establish . . . the clinically-demonstrable presence of a toxin in the plaintiff's body, or some other indication of a toxin-induced disease." *DiStefano v. Nabisco, Inc.*, 2 A.D.3d 484, 485 (2d Dep't 2003) (quotation marks omitted). Here, Shwiner and D'Auria presented no such evidence. Although Plaintiffs argue that the toxic-substance test applies only to chemicals "so commonly used in everyday settings that the mere fear of potential exposure would potentially entitle virtually anyone to assert an NIED claim based on minimal, incidental exposures," Appellants' Br. at 52, New York courts apply the rule even when a specific, acute chemical exposure took place. *See, e.g.*, *Kamdem-Ouaffo v. Pepsico, Inc.*, 133 A.D.3d 825, 826–28 (2d Dep't 2015) (applying rule where "plaintiff was directed to sniff [an] aroma encapsulate slurry without notice of its formaldehyde content").

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6