Martin v Niagara Mohawk Power Corp. (2023 NY Slip Op 03588)

Martin v Niagara Mohawk Power Corp.

2023 NY Slip Op 03588

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

271 CA 22-01418

[*1]VAUGHAN J. MARTIN, PLAINTIFF-RESPONDENT,
v
NIAGARA MOHAWK POWER CORPORATION, DOING BUSINESS AS NATIONAL GRID, DEFENDANT-APPELLANT. 

BOND SCHOENECK & KING, PLLC, SYRACUSE (ADAM P. MASTROLEO OF COUNSEL), FOR DEFENDANT-APPELLANT.
VAUGHAN J. MARTIN, PLAINTIFF-RESPONDENT PRO SE. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered August 16, 2022. The order denied defendant's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff was formerly an employee of defendant, Niagara Mohawk Power Corporation, doing business as National Grid (National Grid), where he worked as a revenue management associate. National Grid is a regulated utility that provides electrical service to residential, commercial, and industrial customers throughout upstate New York. During his employment with National Grid, plaintiff formally complained to, inter alia, the New York State Public Service Commission (PSC)—National Grid's state regulator—alleging that National Grid unlawfully failed to inspect electrical meters before they were energized, thereby creating a substantial risk of electrical smoke and fire events that could injure or kill members of the public. Shortly after plaintiff informed National Grid about his formal complaint, National Grid suspended plaintiff's employment, ostensibly due to allegations that he frequently engaged in inappropriate behavior in the workplace. Following an investigation that purportedly substantiated those allegations, National Grid terminated plaintiff's employment. Plaintiff commenced this action asserting a single cause of action against National Grid for unlawful retaliation under Labor Law § 740 (2), the "whistle-blowers' statute," and we note that the action was commenced prior to the effective date of significant amendments to that statute (see L 2021, ch 522, § 1) that are not applicable here (see Clendenin v VOA of Am.—Greater N.Y. Inc, 214 AD3d 496, 497 [1st Dept 2023]). National Grid now appeals from an order denying its motion for summary judgment dismissing the complaint.
We agree with National Grid that Supreme Court erred in denying its motion. As relevant here, to prevail on his cause of action, plaintiff had the burden of proving that National Grid retaliated against him because he "disclose[d], or threaten[ed] to disclose to a supervisor or to a public body an activity, policy or practice of [National Grid] that [was] in violation of law, rule or regulation which violation creat[ed] and present[ed] a substantial and specific danger to the public health or safety" (Labor Law former § 740 [2] [a]). A plaintiff's protection under Labor Law former § 740 (2) was triggered only by an actual violation of a law, rule, or regulation and not by the belief that such a violation had occurred (see Bordell v General Elec. Co., 88 NY2d 869, 871 [1996]; Young v Madison-Oneida Bd. of Coop. Educ. Servs., 156 AD3d 1352, 1353 [4th Dept 2017]). "An employee's good-faith reasonable belief that an actual violation of a law, rule, or regulation occurred [was] insufficient; there must [have been] an actual violation" (Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 288 AD2d 350, 350 [2d Dept 2001]; see Bordell, 88 NY2d at 871).
Here, in support of its motion, National Grid submitted evidence establishing as a matter of law that the conduct that plaintiff alleged was unlawful did not amount to an actual violation of law, rule, or regulation for purposes of Labor Law former § 740 (2) (see Young, 156 AD3d at 1353). Specifically, National Grid submitted letters that it received from the New York State Department of Public Service establishing that, following an inquiry into plaintiff's complaints, PSC determined that National Grid had not violated any law or regulations. That determination, from National Grid's regulator, and a recipient of plaintiff's complaint, was sufficient to meet National Grid's initial burden of demonstrating that it had not actually violated any law, rule, or regulation (see Kamdem-Ouaffo v Pepsico, Inc., 133 AD3d 825, 827 [2d Dept 2015]; Khan, 288 AD2d at 350-351; see generally Bordell, 88 NY2d at 871). In opposition, plaintiff failed to raise a triable issue of fact whether there was an actual violation of any law, rule, or regulation (see Ulysse v AAR Aircraft Component Servs., 188 AD3d 760, 761-762 [2d Dept 2020]; Kamdem-Ouaffo, 133 AD3d at 827; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In light of our determination, National Grid's remaining contentions are academic.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court